UNITED STATES of America, Plaintiff-Appellee,

v.

Anneliese E. HILLIARD, Defendant-Appellant.

No. 84–5412
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 4, 1985.

J. Robert Cooper, John J. Lieb, Atlanta, Ga., for defendant-appellant.

Lucy Thompson, U.S. Dept. of Justice, Fraud Section, Crim. Div., Washington, D.C., Caroline Heck, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellant Anneliese Hilliard appeals her conviction of numerous counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 2, and of filing false statements with the Department of Health and Human Services in violation of 18 U.S.C. §§ 1001 and 2. Appellant claims her conviction must be reversed for three reasons: (1) she was denied effective assistance of counsel; (2) the evidence was insufficient to support a number of counts on which she was convicted; and (3) the trial judge improperly interjected himself into the trial in such a manner and to such an extent as to deny her a fair and impartial trial, effective assistance of counsel, and due process of law. We reject all of appellant's arguments, except her claim that there was insufficient evidence with respect to count 13. We thus affirm appellant's conviction on all counts, except count 13, which we reverse.

Appellant Hilliard and Norman Barry Schneider, a physician, operated and outpatient medical clinic known as Senior Care Center. Most of the clinic's patients were elderly people entitled to medicare benefits. In 1982, a fifty-four count indictment was filed against appellant, Schneider, and Charles Daniel Coffman charging multiple violations of 18 U.S.C. §§ 1001 and 2 and 18 U.S.C. §§ 1341 and 2. The charges alleged their participation in a scheme to defraud the Department of Health and Human Services through the submission of false and fraudulent medicare claims requesting payment for office visits, tests, and services that were never provided. Appellant, Schneider, and Coffman were tried jointly in the United States District Court for the Southern District of Florida, and appellant was found guilty of all but five counts.[1] Appellant was sentenced to concurrent terms of five years imprisonment on each count, and fined $20,000.

Hilliard did not appeal her conviction and began serving her prison sentence on May 20, 1983. On January 12, 1984, Hilliard

---

1. During trial, the government voluntarily dismissed counts 18, 26, 30 and 51. The jury acquitted the appellant on count 28.

filed a petition with the district court for collateral relief pursuant to 28 U.S.C. § 2255.[2] She sought a writ of habeas corpus on two grounds: (1) ineffective assistance of counsel, and (2) the trial court's failure to advise her of her right to appeal and to have counsel appointed if she were found eligible.

The district court determined that appellant had not been denied effective assistance of counsel, but granted her § 2255 motion and vacated her sentence on the ground that the judge failed at sentencing to advise her of her rights relating to appeal. The court then entered a new judgment and commitment order that imposed the same sentence as appellant had received previously. Hilliard appealed from that order of judgment and commitment.

On appeal, appellant claims, *inter alia,* that her conviction should be set aside because she was denied effective assistance of counsel at trial. Specifically, she claims that her attorney failed to represent her adequately because he: (1) did not interview the government's witnesses prior to trial; (2) failed to call as witnesses clinic patients who would have testified favorably about the treatment they had received; (3) did not advise appellant of her right to appeal; (4) did not challenge the qualifications of a government expert witness, nor present opposing expert testimony; (5) cross-examined a government expert about medical malpractice; (6) did not object to the dismissal of codefendant Coffman. Appellant raised the first three of these allegations before the district court on her section 2255 motion for collateral relief. The remaining three allegations are raised for the first time on this direct appeal.

■ As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record

evidence bearing on the merits of the allegations. *United States v. Griffin,* 699 F.2d 1102, 1107–09 (11th Cir.1983); *United States v. Stephens,* 609 F.2d 230, 234 (5th Cir.1980). Such claims have been relegated to collateral attacks brought in the district court pursuant to 28 U.S.C. § 2255. In this case, however, the record is adequate to assess the merits of appellant's first three allegations of ineffective assistance of counsel, since evidence regarding these allegations was submitted to the district court on appellant's section 2255 petition, and the proceedings in that section 2255 action are included in the record presently before this court. Under such circumstances, we may consider the first three allegations. *See United States v. Brown,* 591 F.2d 307, 310 (5th Cir.), *cert. denied,* 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979). Of course, the record before us is inadequate with respect to those allegations that were not presented to the district court. We, thus, may not consider those allegations on this appeal, and our review is limited to appellant's first three allegations.

■ Upon review of the record, we determine that appellant's conviction may not be reversed on ineffective assistance of counsel grounds. To prevail, appellant had to make two showings. First, a showing that her counsel's performance was deficient. Second, a showing that the deficient performance prejudiced her defense. *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To establish prejudice, she had to prove that "there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. Even assuming that the performance of appellant's counsel was deficient, appellant

---

2. 28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

clearly failed to show that she was prejudiced.

Appellant has failed to provide any examples of evidence that would have been introduced or new lines of defense that could have been pursued if her attorney had interviewed the government's witnesses. Her attorney's failure to call as witnesses some clinic patients who would have testified favorably about the treatment they *had* received cannot be said to have prejudiced appellant, since such testimony does not pertain to the government's case that specific tests and services billed to medicare were not provided. Finally, appellant suffered no prejudice by her counsel's failure to advise her of her right to appeal, since it did not result in her being deprived of an opportunity to appeal the decision in her case. The district court removed any prejudice when it revived her right to appeal by vacating her sentence, re-sentencing her, and, thus, establishing a new time for the appeal she has now taken. Having found no prejudice, we reject appellant's ineffective assistance of counsel claim.

■ Appellant also attacks her conviction on the ground that the evidence was insufficient to convict on counts one through seven, which alleged mail fraud, and counts thirteen through thirty-nine, which alleged the filing of false claims. Specifically, she argues that these convictions cannot be upheld because the evidence showed that her codefendant Dr. Schneider had ultimate control and responsibility for the submission of the medicare claims, and there was insufficient evidence of her knowledge of and participation in a scheme to defraud and submit fraudulent claims. Viewed in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), the record reveals evidence sufficient for a reasonable juror to find that appellant was guilty beyond a reasonable doubt on all counts except count thirteen.

This court has already determined in the course of reviewing Dr. Schneider's appeal of his mail fraud convictions that the evidence introduced at the joint trial of Schneider and appellant was sufficient to show that appellant and Schneider schemed to submit false applications. *United States v. Schneider*, 726 F.2d 753 (11th Cir.1984).[3] From our own independent review of the record, we too are convinced that the evidence was sufficient.

In considering Dr. Schneider's appeal, this court also determined that the evidence was insufficient as to count thirteen, which alleged that appellant and Schneider made a false medicare claim for a particular EKG test. The court held that the evidence was insufficient to show that this claim was false.[4] We, therefore, affirm as

---

**3.** In support of that determination, this court pointed out that

> [t]he evidence ... established that Hilliard and Schneider together filled out the portion of the Medicare claim forms listing services billed to Medicare. Employees of the Senior-care Center testified that they observed Schneider and Hilliard filling out Medicare forms together at the end of the day, and an FBI handwriting expert identified the handwriting of Schneider on some of the forms, and of Hilliard on others. Each claim form submitted during the year Schneider worked at the clinic bore his signature stamp, certifying that '[his] services were personally rendered by [him], or under [his] direction.' Payment was made to the defendant, who deposited the checks and paid Hilliard fifty percent of the proceeds. The jury had before it several of the patients' medical charts, filled out by the defendant, which did not show the office visits, tests, and services for which

Schneider billed Medicare. Ten of the 13 patients, and a medical records expert who reviewed the entries and test results on each of the patients' medical charts confirmed that the services reported had not been provided. *Schneider*, slip op. at 3–4.

**4.** The court explained that

> [t]he only evidence introduced to indicate that the Count 13 claim was false was the patient's medical chart, which contained no entry for May 8, 1978, the date on which the EKG was reportedly administered. Balanced against this was testimony by an expert witness to the effect that there was an EKG tracing in the patient's file, and the patient's own testimony that an EKG was administered on May 8. The government argues that the file contained no interpretation or report on the EKG which was included in the billing. Count 13, however, refers only to the making of a false Medicare claim for a May 8 EKG. The con-

to all counts except the conviction under count thirteen, which we reverse.

■ Appellant's final contention is that her fifth amendment due process right to a fair and impartial trial and her sixth amendment right to effective assistance of counsel were violated by the trial judge because he lacked the appearance of impartiality and prejudiced the defense in the eyes of the jury. Specifically, appellant claims that the trial judge committed reversible error by: (1) asking four foundation questions underlying the admission of a business record by the government; (2) admitting documents with a limiting instruction that, according to appellant, left an impression that the appellant may be more culpable than her codefendant; and (3) indicating to the jury that four counts of the indictment had been dismissed. The appellant's claim lacks merit. It is well settled that the trial judge has broad discretion in the management of the trial and that a reviewing court should not interfere absent a clear showing of abuse. *United States v. Walker,* 559 F.2d 365, 370 (5th Cir.1977). We do not find such abuse here, and, indeed, find the judge's remarks to have been temperate and impartial.

AFFIRMED in part; REVERSED in part for further proceedings consistent with this opinion.

---

viction in Count 13 must be reversed for insufficient evidence.

