902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Theodore MERRITT, Defendant-Appellant.
 No. 89-4094.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges, and DAVID D. DOWD, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 On January 17, 1989, defendant, Theodore Merritt, was the subject of a five-count indictment returned by the grand jury. Merritt was charged with three mail fraud violations, 18 U.S.C. Sec. 1341; one count of making a false statement in violation of 18 U.S.C. Sec. 1001; and one count of bribery in connection with programs receiving federal funds, 18 U.S.C. Sec. 666.
 
 
 2
 After filing a motion to suppress evidence that was denied, Merritt entered a guilty plea to the bribery count. The other four counts were dismissed by the government at the time of sentencing. The defendant was sentenced to a term of probation for five years, upon condition that the first four months be spent in a halfway house.
 
 
 3
 Subsequent to sentencing, Merritt appealed, arguing that his motion to suppress should have been granted and that he received ineffective assistance of counsel. Since we conclude that neither of these issues are properly before us, we affirm the conviction.
 
 
 4
 Federal Rule of Criminal Procedure 11(a)(2) provides that:
 
 
 5
 With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.
 
 
 6
 This language was added to Rule 11 in 1983 to obviate the necessity of a defendant and the government going through a trial just so a defendant could preserve the right to appeal an adverse pretrial ruling. However, if the defendant pleads guilty unconditionally, then the right to appeal pretrial rulings is lost. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). The plea here was unconditional. After informing the defendant of his rights at length, the following colloquy took place at the time the guilty plea was offered:
 
 
 7
 THE COURT: Do you feel that you understand your rights?
 
 
 8
 THE DEFENDANT: Yes.
 
 
 9
 THE COURT: Do you have any questions at all about them?
 
 
 10
 THE DEFENDANT: No.
 
 
 11
 THE COURT: Has Mr. Murry gone over all of these rights with you?
 
 
 12
 THE DEFENDANT: Yes.
 
 
 13
 THE COURT: Do you give these right up at this time?
 
 
 14
 THE DEFENDANT: Yes.
 
 
 15
 THE COURT: All right, sir.
 
 
 16
 Miss Goldberg, would you be good enough to read into the record, or state for the record, any plea agreement entered into between the Government this Defendant?
 
 
 17
 MS. GOLDBERG: Yes, Your Honor. It's an oral plea agreement.
 
 
 18
 In exchange for David Merritt's agreement to plead guilty to Count 5, once that plea is entered and not withdrawn, the Government agrees to dismiss the remaining four counts of the indictment.
 
 
 19
 THE COURT: All right.
 
 
 20
 Mr. Murry, is that your understanding of the plea agreement?
 
 
 21
 MR. MURRY: Yes, it is, Your Honor.
 
 
 22
 THE COURT: Have you gone over it with your client and explained it to him?
 
 
 23
 MR. MURRY: Yes, Your Honor.
 
 
 24
 THE COURT: Do you feel he understands it and is prepared to accept it?
 
 
 25
 MR. MURRY: Yes, Your Honor.
 
 
 26
 THE COURT: Mr. Merritt, is that your understanding of the plea agreement?
 
 
 27
 THE DEFENDANT: Yes.
 
 
 28
 THE COURT: Has Mr. Murry gone over it with you and explained it to you?
 
 
 29
 THE DEFENDANT: Yes.
 
 
 30
 THE COURT: Do you feel you understand it?
 
 
 31
 THE DEFENDANT: Yes.
 
 
 32
 THE COURT: Do you have any questions about it?
 
 
 33
 THE DEFENDANT: No.
 
 
 34
 THE COURT: Do you accept it?
 
 
 35
 THE DEFENDANT: Yes.
 
 
 36
 THE COURT: All right.
 
 
 37
 The Court would, likewise, accept the plea agreement, and it will be made part of the record in this case.
 
 
 38
 Now, Mr. Merritt, other than in the plea agreement, where basically the Government is dismissing four counts in return for your plea to a fifth, has anybody involved with this case made you any other promises in return for your plea of guilty this morning?
 
 
 39
 THE DEFENDANT: No.
 
 
 40
 (Tr. at 19-21, Sept. 20, 1989)
 
 
 41
 Putting aside the fact that Rule 11(a)(2) requires conditional pleas to be in writing, it is clear beyond peradventure, that there was no conditional plea here. We hasten to add, however, that defendant totally misperceives the law as it relates to the substance of his motion to suppress, and had we been able to reach the merits, we would have affirmed Judge Rice.
 
 II.
 
 42
 As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. United States v. Hill, 688 F.2d 18, 21 (6th Cir.), cert. denied, 459 U.S. 1074 (1982). The customary procedure followed by the various circuits is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. Sec. 2255.[1] When, however, the record is adequate to assess the merits of the defendant's allegations, some courts will consider them. See United States v. Hilliard, 752 F.2d 578, 580 (11th Cir.1985). Such an exception is not applicable in this case. If we were to assess defendant's claim based upon the record we do have, we could not fault counsel's performance.
 
 
 43
 AFFIRMED.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 28 U.S.C. Sec. 2255 provides, in relevant part, that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."