968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin MADDOXS, also known as Michael Bernard Elliott,
Defendant-Appellant.
 No. 91-4068.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Kevin Maddoxs, a federal prisoner, appeals the district court's judgment following his guilty plea to one count of possessing with intent to distribute cocaine base (crack) and one count of carrying a firearm during and in relation to a drug trafficking crime. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Maddoxs, whose real name is Michael Bernard Elliott, and two codefendants were indicted in October 1990 on five drug and firearm charges. When Cleveland police stopped the car in which the three were riding on October 17, 1990, for a traffic offense, they found crack cocaine, cocaine powder, and three loaded guns in the passenger compartment and the trunk. In addition, two packets of crack had been thrown out of the driver's window. Maddoxs pleaded guilty to the two counts described above on May 13, 1991. The other counts were dismissed at that time. He was sentenced on September 12, 1991, to 123 months imprisonment, 4 years supervised release, and given a $100 special assessment.
 
 
 3
 Maddoxs's court-appointed counsel filed a brief on appeal and also a motion to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967). In this brief, he raises the issues of ineffective assistance of counsel and erroneous application of the sentencing guidelines.
 
 
 4
 Upon review, we affirm the district court's judgment.
 
 
 5
 As a general rule, a defendant may not raise the issue of ineffective assistance of counsel for the first time on direct appeal because there has not been an adequate opportunity to develop and include in the record evidence bearing on the merits of the allegations. See United States v. Hill, 688 F.2d 18, 21 (6th Cir.), cert. denied, 459 U.S. 1074 (1982). Instead, the defendant may raise such a claim in a motion to vacate under 28 U.S.C. § 2255. Only when the record is adequate to assess the merits of the defendant's allegations will some courts consider them. See United States v. Hilliard, 752 F.2d 578, 580 (11th Cir.1985).
 
 
 6
 We find it inappropriate to address Maddoxs's claim of ineffective assistance of counsel on the record before us because it is raised on appeal in an Anders brief prepared by the same counsel whose trial performance is questioned. Consequently, we do not address the merits of this issue and Maddoxs is free to raise it in a post-conviction motion.
 
 
 7
 Maddoxs is precluded from appealing his sentence because it is within the applicable guideline range, is not in violation of law, and is not the result of an incorrect application of the guidelines. see 18 U.S.C. § 3742; United States v. Sawyers, 902 F.2d 1217, 1221 n. 5 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991).
 
 
 8
 Accordingly, we grant counsel's motion to withdraw. The district court's judgment, entered September 17, 1991, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.