983 F.2d 1070
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy WELCH, Defendant-Appellant.
 No. 92-1239.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1993.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ROSENN, Senior Circuit Judge.[1]
 PER CURIAM.
 
 
 1
 Defendant Randy Welch was convicted by a jury of possession of cocaine with intent to distribute and using and carrying a firearm during a drug trafficking offense. Appellant contends that he did not receive effective assistance of counsel. On appeal, we affirm the conviction.
 
 
 2
 * On January 17, 1991, police officers executed a search warrant at the home of defendant Welch. The search uncovered cocaine, an Uzi firearm, a .380 handgun, a scale, some pagers, $1,950 in cash, and a VCR tape on which Welch plays with his Uzi.[2] Based upon this evidence, and the work of an undercover informant, Ronnie Coleman, who purchased drugs from Welch, the government charged the defendant with possession of cocaine with intent to distribute, and use of a firearm during and in relation to a felony drug offense, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c), respectively.
 
 
 3
 Jury selection began on August 22, 1991. When jury selection was nearly complete, Welch informed the court that he might want a new attorney. Based upon this request, the case was adjourned until August 26. On August 26, the district judge met with the attorneys, and then with Welch and his family outside of the presence of the lawyers. After these discussions, the court indicated that it would adjourn for one day to allow Welch to retain another lawyer. If Welch obtained new counsel, the judge stated that he would discuss a delay with the new attorney. Welch failed to obtain a new attorney and the trial began on August 27, 1991.
 
 
 4
 The government presented the testimony of informant Coleman, who stated that he purchased cocaine from the defendant. The government then offered as evidence the drugs and drug paraphernalia found in Welch's home, and the government played the tape of Welch playing with his Uzi. Defendant did not testify at trial. The defense consisted of counsel's cross-examination of Coleman and the police officers who conducted the search. Defense counsel also called Welch's former employer, who stated that defendant was a good worker.
 
 
 5
 During closing arguments, with respect to count two, the firearm charge under 18 U.S.C. § 924(c), the government stated that "if the gun is there to facilitate the commission of the drug offense, then it fits within the parameters of the statute." Defense counsel concentrated his closing argument on count one. His only discussion of the gun charge came when he stated "Probably the worst thing we have all seen here both yesterday and today is a video of a very immature young man waltzing around his bedroom with an Eddie Murphy movie playing with Nick Nolte, ... with an Uzi, which I remind you he legally purchased." Later counsel stated that "[Welch's] display of his immaturity on that video causes me problems, causes you problems, but that in and of itself should not be enough to convict him of either count one or count two." The remainder of the closing comments addressed count one. Counsel attacked Coleman's credibility and tried to show that a reasonable doubt existed whether defendant was dealing drugs.
 
 
 6
 The jury convicted defendant on both counts. Shortly afterwards, Welch obtained new counsel. New counsel then filed a motion before the district court for a new trial, alleging ineffective assistance of counsel. At a February 7, 1992 hearing, new counsel asserted that the earlier counsel's failure to argue count two during closing argument constituted ineffective assistance of counsel. After the hearing, the court denied the motion. The court ruled that the evidence in the case "was overwhelming and that however counsel chose to argue the case would have made no difference." The court then sentenced the defendant to 33 months on count one, and 60 months on count two, to run consecutively.
 
 
 7
 Defendant then filed this timely appeal alleging ineffective assistance of counsel based upon counsel's failure to argue count two during closing arguments.
 
 II
 
 8
 This court generally declines to address ineffective assistance of counsel claims raised on direct appeal because the record below is often insufficient. However, in this case, an extensive record exists. The trial court held a hearing and conducted an in-depth examination of counsel's performance. Accordingly, this case presents the exceptional circumstance where it is proper to hear an ineffective assistance of counsel argument on direct appeal. See United States v. Wunder, 919 F.2d 34 (6th Cir.1990) (because extensive record existed, it was proper to entertain ineffective assistance of counsel argument); United States v. Hillard, 752 F.2d 578 (11th Cir.1985).
 
 
 9
 In Strickland v. Washington, 466 U.S. 668 (1984), the Court held that for a convicted defendant to prevail on an ineffective assistance of counsel claim, he must show: 1) that counsel's performance was deficient; and 2) that the deficient performance prejudiced the defense. Defense carries a heavy burden under this test. A strong presumption exists that counsel's behavior satisfies minimum standards. Strickland, 466 U.S. at 689.
 
 
 10
 The district court properly found that prejudice did not occur, and accordingly defendant failed to satisfy the second prong of the Strickland test.[3] Shortly after defendant sold cocaine to a government witness, officers raided his home. Officers found an Uzi and a .380 handgun in his bedroom. The defendant's residence clearly was a drug house. It had safes, scales, large amounts of currency, cocaine, and pagers. Based upon all of this evidence, the government merely needed to prove that one of the guns was accessible to the defendant for the protection of the drug transactions, the actual drugs, or the drug traffickers. United States v. Pearce, 912 F.2d 169 (6th Cir.1990), cert. denied, 111 S.Ct. 978 (1991); United States v. Blankenship, 954 F.2d 1224 (6th Cir.1992). The evidence certainly met this standard. Moreover, the government played a home video to the jury that showed the defendant making menacing gestures while playing with his Uzi. This tape supported the government's theory that the defendant was willing to use the gun. Based upon the overwhelming evidence presented, no prejudice accrued to the defendant. As the district court accurately observed, "Clarence Darrow couldn't have helped him with the evidence the government introduced."
 
 
 11
 Furthermore, defendant cannot satisfy the first prong of the Strickland test. Counsel's handling of the case was not ineffective. In order to convict on count two, it was necessary to find the defendant guilty under count one. After reviewing closing arguments, it appears to us that counsel made a strategic decision to undermine count two by undercutting count one. During closing argument, counsel argued that the government's witness was unreliable, that other people living in the raided home actually owned the drugs, and that insufficient information existed on which to convict. Counsel's concentration on count one rather than count two constitutes a strategic decision. This court will not second guess strategic decisions.[4] Strickland, 466 U.S. at 690. Accordingly, defendant cannot satisfy the test for ineffective assistance of counsel.
 
 
 12
 For the foregoing reasons, Randy Welch's conviction is AFFIRMED.
 
 
 
 [1]
 The Honorable Max Rosenn, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [2]
 On the tape, Welch makes menacing gestures while handling the weapon. In the background, an Eddie Murphy movie is playing on the television
 
 
 [3]
 The district court only examined the prejudice portion of the Strickland test
 
 
 [4]
 Based upon the strength of the evidence on count two, counsel's approach likely was reasonable. A dearth of options existed. Defendant admittedly had no witnesses to support his case, and he chose not to take the stand