[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15250
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00035-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MILTON JEFFREY BURRELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 13, 2016)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Milton Jeffrey Burrell appeals his 30-month sentence, after pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(2).  We affirm.

## I. BACKGROUND

In February 2011, the Northeast Regional Drug Task Force ("NRDTF") received a tip Burrell was involved in the distribution of anabolic steroids at local gyms and fitness centers in Athens-Clarke County, Georgia.  A year later, a confidential informant relayed similar information to NRDTF and subsequently made controlled purchases of anabolic steroids from Burrell.  The informant introduced Burrell to an undercover agent, who also purchased steroids from Burrell.  All of the transactions took place in public locations.

On July 3, 2012, Burrell drove to South Carolina to obtain steroids.  Upon his return to Georgia, state troopers conducted a traffic stop of Burrell's vehicle and recovered several boxes of steroids.  Following the traffic stop, officers searched Burrell's apartment.  They recovered three firearms, ammunition, syringes, and steroids from Burrell's bedroom and a fourth firearm and additional ammunition in a second bedroom.

A grand jury initially indicted Burrell on (1) three counts of distribution of anabolic steroids, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(E); (2) one count of possession with intent to distribute anabolic steroids, in violation of 21 U.S.C.

2

§ 841(a)(1), (b)(1)(E) and 18 U.S.C. § 2; and (3) one count of possession of a firearm during a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1), 2. Pursuant to a plea agreement, Burrell later pled guilty to a superseding information, which charged him with the sole count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(2).

Prior to sentencing, the U.S. Probation Office prepared a presentence investigation report ("PSI"). In computing Burrell's offense level, the probation officer first applied U.S.S.G. § 2K2.1, the Sentencing Guideline applicable to violations of 18 U.S.C. § 922(g). Under § 2K2.1(a)(6)(A), Burrell's base-offense level was 14. He received a two-level enhancement under § 2K2.1(b)(1)(A) for possession of four firearms. He also received a four-level enhancement under § 2K2.1(b)(6)(B), because he had possessed the firearms in connection with another felony, and his initial-adjusted-offense level was 20.

Pursuant to the cross-reference in § 2K2.1(c)(1), the probation officer explained, if the defendant had used or possessed a firearm in connection with another crime, the Guidelines directed § 2X1.1 be applied to the other crime, if the resulting offense level is greater than that determined under § 2K2.1. Because Burrell had possessed four firearms in connection with a drug crime, the probation officer concluded § 2X1.1 applied; consequently, Burrell's offense level should be determined under § 2D1.1, the Guideline applicable to drug crimes under 21

3

U.S.C. § 841(a)(1).  Under § 2D1.1(a)(5) and (c)(10), Burrell's base-offense level was 20, because he was accountable for the equivalent of 50.09 kilograms of marijuana.  The probation officer then applied a two-level enhancement under § 2D1.1(b)(1) for Burrell's possession of four firearms, resulting in his adjusted-offense level under the drug Guidelines of 22.  Because it was the greater adjusted-offense level, the probation officer used that offense level in determining Burrell's offense level of 22.  Burrell also was assigned a criminal-history category of I.  With an offense level of 22 and a criminal-history category of I, Burrell's Sentencing Guidelines range was 41 to 51 months of imprisonment.  Regarding Burrell's physical condition, the PSI noted Burrell had suffered a skydiving accident in June 2011, which caused multiple pelvic fractures.  Burrell underwent surgery to repair his pelvis, but he continues to suffer from chronic pelvic pain from those injuries.

Burrell objected to the probation officer's failure to award him a reduction for his acceptance of responsibility.  He also objected to the four-level enhancement in the probation officer's calculations under the firearms Guideline, § 2K2.1(b)(6)(B),  because there was insufficient evidence he had possessed the firearms in connection with the steroid-trafficking crimes.  Burrell further objected to the probation officer's calculation of his offense level using the cross-reference in § 2K2.1(c)(1) to § 2X1.1, because he had not possessed the firearms in

4

connection with the steroid crimes; consequently, application of the cross-reference was inappropriate.

At the sentencing hearing, the district judge sustained Burrell's objection regarding his acceptance of responsibility and applied a three-level reduction, which resulted in an offense level of 19 and a Sentencing Guidelines imprisonment range of 30 to 37 months. Concerning the connection between the firearms and Burrell's drug crimes, Burrell first noted there were no firearms in the car when he was stopped. He acknowledged there were drugs in his house where the firearms where found, but he argued there was no nexus between the drugs and the firearms. Burrell explained none of the firearms had been easily accessible to him and could not have been used in furtherance of the steroid-distribution crimes. Two of the firearms were on an upper shelf in his closet out of his reach, because he was in a wheelchair; one firearm was under his bed; and the other was under his son's bed. The district judge overruled Burrell's objection, because "the courts have acknowledged that guns and violence go hand-in-hand with illegal drug operations," and it was clear Burrell was in the business of selling steroids. Sentencing Hr'g Tr. at 9-10. The judge then sentenced Burrell to 30 months of imprisonment, at the bottom of his Sentencing Guidelines range.

Burrell did not appeal his sentence directly. He subsequently filed a counseled 28 U.S.C. § 2255 motion to vacate his sentence. Burrell asserted (1) the

5

district judge had engaged in double counting by twice assessing a two-level enhancement for his possession of four firearms; (2) the four-level enhancement for possession of the firearms in connection with his steroid-trafficking crimes was erroneous; (3) trial counsel was ineffective for failing to object to the double counting at sentencing; and (4) trial counsel was ineffective in refusing to file an appeal regarding the firearms enhancements, despite Burrell's request that an appeal be filed. The government filed its own motion to vacate and asserted the district judge should vacate the judgment and reimpose an identical final judgment to allow Burrell the opportunity to appeal.

A magistrate judge recommended granting the government's motion to vacate and dismissing Burrell's § 2255 motion without prejudice. The district judge adopted the recommendation, granted the government's motion to vacate, vacated Burrell's original judgment of conviction, and reinstated an identical judgment of conviction. The judge noted Burrell would have the opportunity to file a notice of appeal regarding the reinstated judgment under Federal Rule of Appellate Procedure 4(b) and dismissed his § 2255 motion without prejudice.

## II. DISCUSSION

### A.    Possession of Firearms in Connection with Another Crime

On appeal, Burrell argues the district judge erred in concluding he possessed firearms in connection with his steroid trafficking. Burrell notes the firearms were

6

found in his residence, which was not the site of his steroid trafficking, because the steroid transactions primarily took place in or around gyms. He also contends the firearms were located on an upper shelf in his closet, when he was in a wheelchair at the time. The government produced no evidence to show Burrell had possessed a firearm during any of the steroid transactions. Under these circumstances, Burrell argues the government failed to prove he had possessed the firearms in connection with his steroid trafficking.

We review de novo a district judge's interpretation of the Sentencing Guidelines and findings of fact for clear error. *United States v. Barrington*, 648 F.3d 1178, 1194-95 (11th Cir. 2011). A factual finding is clearly erroneous when, upon review of the evidence, we are left with a definite and firm conviction a mistake has been made. *Id.* at 1195. The government bears the burden of establishing the facts necessary to support a sentencing enhancement by a preponderance of the evidence. *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007). Under the preponderance-of-the-evidence standard, the trier of fact must believe the existence of a fact is more probable than not. *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).

Section 2K2.1(b)(6)(B) of the Sentencing Guidelines provides a four-level enhancement to a defendant's base-offense level, if the defendant possessed a firearm in connection with another felony. U.S.S.G. § 2K2.1(b)(6)(B). If a

7

defendant possessed a firearm in connection with another crime, § 2X1.1

"(Attempt, Solicitation, or Conspiracy)" should be applied "in respect to that other

offense, if the resulting offense level is greater than that determined" under

§ 2K2.1. *Id.* § 2K2.1(c)(1)(A). For purposes of § 2K2.1(b)(6)(B) and (c)(1), a

firearm is possessed in connection with another felony, when it facilitates or has

the potential of facilitating that crime. *Id.* § 2K2.1, cmt. n.14(A). Application of

§ 2K2.1(b)(6)(B) or (c)(1) is warranted for a drug-trafficking crime, when the

firearm is found in close proximity to drugs, drug-manufacturing materials, or drug

paraphernalia, because the presence of the firearm has the potential of facilitating

the drug-trafficking crime. *Id.*, cmt. n.14(B); *see also United States v. Carillo-

Ayala*, 713 F.3d 82, 92 (11th Cir. 2013) ("A firearm found in close proximity to

drugs or drug-related items simply '*has*'—without any requirement for additional

evidence—the potential to facilitate the drug offense.").

A judge's determination a firearm was possessed "in connection with"

another felony is a factual finding we review for clear error. *See United States v.

Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995). The phrase "in connection

with" should be given its ordinary meaning; we have refused to construe it more

narrowly. *United States v. Rhind*, 289 F.3d 690, 695 (11th Cir. 2002). In *Rhind*,

we held unloaded and inoperable firearms located in a vehicle used in carrying out

a counterfeiting scheme were possessed "in connection with" the counterfeiting

scheme in part, because "it would be reasonable to conclude that the presence of the firearms protected the counterfeit money from theft during the execution of the felony." *Id.*

The judge did not clearly err in concluding Burrell possessed the firearms in connection with his steroid-trafficking activities. As part of his plea agreement, Burrell stipulated he had been involved in the trafficking of anabolic steroids, and officers had recovered both steroids and firearms during a search of his apartment. Burrell did not dispute the PSI statement three of the firearms were found in his bedroom, alongside steroids and syringes. Undisputed facts in the record show the firearms were found in close proximity to drugs and drug paraphernalia. Under both the Sentencing Guidelines and our precedent, such proximity alone is sufficient to establish Burrell possessed the firearms in connection with his steroid trafficking. U.S.S.G. § 2K2.1, cmt. n.14(B); *Carillo-Ayala*, 713 F.3d at 92.

Burrell nevertheless contends the government failed to show a connection between the firearms and steroid trafficking, because none of the transactions took place at his apartment; there was no evidence he carried any of the firearms during his steroid trafficking. The government was not required to make such a showing, because the mere presence of firearms in the same bedroom where Burrell stored drugs and drug paraphernalia had the potential of facilitating his steroid trafficking. U.S.S.G. § 2K2.1, cmt. n.14(B); *Carillo-Ayala*, 713 F.3d at 92; *Rhind*, 289 F.3d at

9

695. Burrell's contention the firearms were inaccessible to him, because he was in a wheelchair at the time of the crime, so they could not have been used to facilitate his steroid trafficking, also fails. The PSI shows Burrell suffered multiple-pelvic fractures in a skydiving accident in June 2011 that continue to cause chronic-pelvic pain, but it did not show Burrell suffered any paralysis or limited mobility because of his injuries. Although Burrell may have been using a wheelchair at the time of his crime, there is no evidence he was confined permanently to the wheelchair. Therefore, it was not clearly erroneous for the judge to conclude Burrell could have accessed the firearms. *See Whitfield*, 50 F.3d at 949 & n.8.

## B.    Double Counting

Burrell also asserts the judge engaged in double counting by imposing two-level enhancements under § 2K2.1(b)(1)(A) and § 2D1.1(b)(1) for his possession of four firearms. We review an allegation of impermissible double counting de novo. *United States v. Asante*, 782 F.3d 639, 647 (11th Cir.), *cert. denied*, 136 S. Ct. 192 (2015). "Impermissible double counting occurs only when one part of the [Sentencing] Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *Id.* (citation and internal quotation marks omitted) (alteration in original). Double counting is permitted, if the Sentencing Commission intended the Guidelines sections at issue to apply cumulatively. *Id.*

We presume "the Commission intended to apply separate sections cumulatively unless otherwise specified." *Id.* (citation and internal quotation marks omitted).

Section 2K2.1 of the Sentencing Guidelines applies when a defendant has been convicted of violating 18 U.S.C. § 922(g), felon in possession of a firearm. *See* U.S.S.G. § 2K2.1. Section 2K2.1(b)(1) provides a two-level enhancement, if the crime involved three to seven firearms. *Id.* § 2K2.1(b)(1)(A). Under the cross-reference contained in § 2K2.1(c)(1), a defendant who possessed a firearm in connection with another crime should be sentenced pursuant to § 2X1.1, if the resulting offense level for the other crime would be greater than that calculated under § 2K2.1. *Id.* § 2K2.1(c)(1)(A). Under § 2X1.1, the defendant's base-offense level is the "base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." *Id.* § 2X1.1(a). Section 2D1.1 is the applicable Guideline for drug crimes under 21 U.S.C. § 841. *See* U.S.S.G. § 2D1.1. Under § 2D1.1(b)(1), if the defendant possessed a dangerous weapon, including a firearm, his base-offense level is increased by two levels. *Id.* § 2D1.1(b)(1).

Burrell argues the judge engaged in impermissible double counting, because the PSI included enhancements under U.S.S.G. § 2K2.1(b)(1)(A) and § 2D1.1(b)(1) for his possession of firearms. Although the probation officer

11

calculated Burrell's offense level under § 2K2.1 and § 2D1.1, she ultimately concluded only the calculations under § 2D1.1 applied in Burrell's case pursuant to § 2K2.1(c)(1), because they produced the greater offense level.  Only the § 2D1.1(b)(1) enhancement actually was "applied to increase [Burrell's] punishment," so no double counting occurred.  *Asante*, 782 F.3d at 647 (citation and internal quotation marks omitted).

## C.    Ineffective Assistance of Counsel

Burrell contends trial counsel was ineffective for failing to object to the judge's double counting and for failing to file a direct appeal regarding the double counting and the four-level "in connection with" a drug-trafficking enhancement. Burrell asserts he may raise his ineffective-assistance claims in this appeal, because he is appealing from the dismissal of his § 2255 motion.

We review de novo claims of ineffective assistance of counsel.  *Williams v. Allen*, 598 F.3d 778, 788 (11th Cir. 2010).  Generally, we do not address ineffective-assistance claims on direct appeal, because typically there has not been an opportunity to develop the record regarding the merits of those allegations. *United States v. Hilliard*, 752 F.2d 578, 580 (11th Cir. 1985).  A § 2255 motion is the preferred means for deciding these claims, even if there is some indication in the record counsel's performance was deficient.  *United States v. Patterson*, 595 F.3d 1324, 1328-29 (11th Cir. 2010).

When a district judge concludes an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, we have established a procedure for effecting that remedy: (1) the original judgment of conviction should be vacated; (2) the same sentence should be reimposed; and (3) the defendant should be advised of his right to appeal and the time for filing a notice of appeal from the reimposed sentence. *See United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). The grant of relief "to permit a direct appeal does not render a subsequent collateral challenge 'second or successive' under the [Antiterrorism and Effective Death Penalty Act]." *McIver v. United States*, 307 F.3d 1327, 1330 (11th Cir. 2002).

The judge specifically followed the *Phillips* procedure to allow Burrell the opportunity to pursue a direct appeal of his sentence and did not address the merits of Burrell's ineffective-assistance claims. *Phillips*, 225 F.3d at 1201. Consequently, this case is in the posture of a direct appeal. Although the record may contain some information concerning trial counsel's performance, it has not been developed sufficiently to warrant consideration of Burrell's ineffective-assistance claims. *Patterson*, 595 F.3d at 1328-29; *Hilliard*, 752 F.2d at 580. Burrell may renew those claims in a subsequent § 2255 motion, because the judge dismissed his motion without prejudice; a grant of relief to permit a direct appeal

13

does not render a subsequent § 2255 motion second or successive. *McIver*, 307 F.3d at 1330.

## III. CONCLUSION

The district judge did not clearly err in concluding Burrell possessed the firearms in connection with his steroid-trafficking crime, nor did he engage in impermissible double counting in calculating Burrell's Sentencing Guidelines imprisonment range. Because this appeal is in the posture of a direct appeal, rather than an appeal from the denial of a § 2255 motion, we decline to consider Burrell's ineffective-assistance claims.

**AFFIRMED.**