[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11806
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00146-ODE-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESHAWN REILLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 15, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Deshawn Reilly appeals his 100-month sentence for possessing a firearm

after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).  Reilly appeals the

district court's application of the U.S. Sentencing Guidelines (U.S.S.G. or Guidelines)—specifically, the court's calculation of the base offense level and imposition of two enhancements. We affirm.

The district court calculated a base offense level of 22, which applies if an offense involves a "semiautomatic firearm that is capable of accepting a large capacity magazine" and if the defendant has a "felony conviction of either a crime of violence or a controlled substance offense." *See* U.S.S.G. § 2K2.1(a)(3). Then the district court imposed a two-level enhancement, which applies if an offense involves three to seven firearms. *See id.* § 2K2.1(b)(1)(A). Also, the district court imposed a four-level enhancement, which applies if a defendant "[u]se[s] or possesse[s] any firearm or ammunition in connection with another felony offense; or possesse[s] or transfer[s] any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." *See id.* § 2K2.1(b)(6)(B).

Appealing the calculation of the base offense level and the imposition of the two enhancements, Reilly disputes his possession of three firearms: a FN Herstal 5.7 pistol (which the parties agree qualifies as a "semiautomatic firearm . . . capable of accepting a large capacity magazine"), a Kel-Tec pistol, and a Glock pistol. *See id.* § 2K2.1(a)(3). Specifically, Reilly disputes that the government established "constructive possession" of these firearms. The government can

2

establish constructive possession by showing, with either direct or circumstantial evidence, that the defendant "exercise[d] ownership, dominion, or control over the item or ha[d]the power and intent to exercise dominion or control."  *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006).  Also, Reilly disputes that he possessed his Mossberg shotgun—the only firearm he admitted to possessing—"in connection with" or "with knowledge, intent, or reason to believe that it would be used or possessed in connection with" his possession of marijuana with intent to distribute.  *See* U.S.S.G. § 2K2.1(b)(6)(B).

Although we review de novo the court's application of the Guidelines to its factual findings, we review for clear error the factual findings.  *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012).  We do not find clear error if the record supports the court's findings.  *United States v. Petrie*, 302 F.3d 1280, 1290 (11th Cir. 2002).  We find clear error only if we are left with a "definite and firm conviction" that the court is mistaken.  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (internal quotation marks omitted).

The district court sentenced Reilly after reviewing his text messages instructing his wife to purchase guns; testimony of a pawnshop employee stating that Reilly directed his wife to purchase the FN Herstal 5.7 pistol and the Mossberg shotgun; video of Reilly's wife purchasing the two guns at the pawnshop; testimony of agents at the Bureau of Alcohol, Tobacco, Firearms and Explosives

(ATF) that Reilly transported the guns in a car that he shared with his wife; Reilly's admission to knowing that his wife kept the Kel-Tec and Glock pistols inside their house; and testimony of ATF agents finding items associated with drug distribution in the house, items such as heat sealers, packaging material, scales, marijuana, approximately $140,000 in cash, a money counter, and GPS trackers. The record supports each finding of fact, and the facts establish Reilly's constructive possession of the four firearms at issue. Also, the facts establish that Reilly possessed the firearms "in connection with"—or "with knowledge, intent, or reason to believe that [they] would be used or possessed in connection with"—a felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B).

Nothing suggests that the district court erred in finding these facts. And after de novo review, we hold that the facts support the base offense level and the two enhancements.

**AFFIRMED.**