[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12600
Non-Argument Calendar

_____

D.C. Docket No. 4:16-cr-00353-WTM-GRS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESHAWN REILLY,
a.k.a. Dushawn Reilly,
a.k.a. Leo Hurtault,
a.k.a. Charles Edward Wheeler,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 23, 2019)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Deshawn Reilly appeals his 200-month sentence after pleading guilty to conspiracy to possess with intent to distribute, and to distribute, 100 kilograms or more of marijuana.  Reilly argues that the district court erred in calculating his Guideline range because it considered conduct that served as the basis for enhancements to a sentence he received in a previous conviction for possession of a firearm by a convicted felon, resulting in violations of the Double Jeopardy Clause and impermissible double counting.  We disagree and affirm.

## I.     Factual and Procedural Background

A. Northern District of Georgia Conviction

In June 2014, Reilly was indicted by a federal grand jury in the Northern District of Georgia.  The indictment alleged, among other things, that Reilly, a convicted felon, unlawfully possessed firearms.  In October 2014, Reilly pleaded guilty to the felon in possession of a weapon charge.  The Presentence Investigation Report (PSI) reflected a base offense level of 22 under the U.S. Sentencing Guidelines pursuant to § 2K2.1(a)(3), and a two-level enhancement for possession of 3 to 5 firearms, § 2K2.1(b)(1)(A), a four-level enhancement for possessing firearms in connection with a felony drug conspiracy, § 2K2.1(b)(6)(B), and a two-level enhancement for being an organizer, leader, or manager of the

2

criminal activity, § 3B1.1(c).  Additionally, Reilly received a two-level reduction for accepting responsibility.  Overall, he faced an advisory Guideline range of 100 to 125 months.

In April 2016, after several sentencing hearings, the district court judge sentenced Reilly to 100 months' imprisonment.  We affirmed that conviction and sentence.  *See United States v. Reilly*, 682 F. App'x 766 (11th Cir. 2017) (per curiam).

B.  Southern District of Georgia Conviction

In December 2016, Reilly was indicted in the Southern District of Georgia and charged with conspiring to possess with intent to distribute, and to distribute, 1,000 kilograms or more of marijuana (Count 1) and conspiring to launder monetary instruments (Count 2).  Reilly pleaded guilty to the lesser offense of Count 1: conspiring to possess with intent to distribute, and to distribute, 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841 (b)(1)(B).

Based on the PSI, the Sentencing Guidelines provided a total offense level of 37, which included a two-level increase for possessing several firearms in furtherance of the drug offense, U.S.S.G. § 2D1.1.(b)(1), a two-level increase for maintaining premises in Atlanta for the purpose of distributing marijuana, § 2D1.1(b)(12), and a four-level increase because he was an organizer or leader of

3

criminal activity involving five or more people, § 3B1.1(a).  The total offense level also included a three-point reduction for accepting responsibility.

In the relevant conduct section of the PSI, Reilly's probation officer recounted facts surrounding Reilly's Northern District of Georgia conviction, including how Reilly recruited his girlfriend to buy a firearm on his behalf and details regarding the firearms, marijuana, and large sums of money seized from Reilly's house.  Notably, however, when calculating Reilly's criminal history score, the probation officer did not add points for the Northern District of Georgia conviction, stating that the federal conviction was related to the instant offense.  Accordingly, Reilly's criminal history earned him only seven criminal history points, warranting a criminal history category of IV.  Because of the total offense level of 37 and the criminal history category of IV, the advisory range of imprisonment was 292 to 365 months.

Reilly made six objections to the PSI.  In Objections 1 and 2, he claimed that the firearm and leadership-role enhancements amounted to impermissible double counting because the Guideline range for his firearm conviction in the Northern District of Georgia included enhancements for having the firearms in relation to the same drug conspiracy charged here, and included a two-point increase for his leadership role.  In Objection 3, Reilly argued that the same two enhancements violated the Double Jeopardy Clause because he was being punished for the same conduct he was punished for in the Northern District of Georgia.  In Objection 4,

4

Reilly argued that his Guidelines calculation was based on impermissible double counting because the district court in the Northern District of Georgia applied a sentencing enhancement under § 2K1.1(b)(3)(B)—for possessing a firearm in connection with a felony—while the district court here was set to impose the same type of enhancement under § 2D1.1.  In support of this claim, Reilly cited *United States v. Burrell* for the proposition that the imposition of enhancements under § 2K2.1 and § 2D1.1 can result in impermissible double counting.  662 F. App'x 889, 894–95 (11th Cir. 2016) (per curiam).  In Objection 5, Reilly alleged that his criminal history was overstated because one of his earlier felony convictions— though accurately calculated—was later reduced to a misdemeanor.  Finally, based on the culmination of his previous objections, Reilly argued in Objection 6 that his Guideline range was miscalculated, and his adjusted range should be between 136 and 168 months.  The district court overruled each of Reilly's objections and sentenced him to 200 months' imprisonment.

## II. Double Jeopardy Claim

We review de novo an alleged violation of the Double Jeopardy Clause. *United States v. McIntosh*, 580 F.3d 1222, 1226 (11th Cir. 2009).  In *Blockburger v. United States*, the Supreme Court addressed the question of whether convictions for two offenses, arising under distinct statutory provisions, violated double jeopardy principles and, in reaching its determination, established the following

test: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932). The Double Jeopardy Clause applies both to successive prosecutions and to successive punishments for the same offense. *Witte v. United States*, 515 U.S. 389, 395–96 (1995). Under the *Blockburger* test, a court must examine whether "each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993).

To prove conspiracy, the government must establish that an agreement to commit a crime existed between two or more people, the defendant had knowledge of at least the essential objectives of the agreement, and he voluntarily joined the illegal venture. *United States v. Battle*, 892 F.2d 992, 999 (11th Cir. 1990) (per curiam). To establish possession with intent to distribute a controlled substance, the government must prove knowledge, possession, and intent to distribute. *United States v. Camacho*, 233 F.3d 1308, 1317 (11th Cir. 2000). To establish that a defendant was a felon in possession of a firearm, the government must prove that a defendant was a convicted felon, he was in possession of a firearm, and the firearm

6

was in or affecting interstate commerce.  *United States v. Deleveaux*, 205 F.3d 1292, 1296–97 (11th Cir. 2000).

Reilly's argument that the district court violated principles of double jeopardy is unpersuasive.  Under the *Blockburger* test, to establish a double jeopardy violation, Reilly would need to prove that being a felon in possession of a firearm and conspiracy to distribute a controlled substance contain the same elements.  *Blockburger*, 284 U.S. at 304; *Dixon*, 509 U.S. at 696–97.  Reilly has not made such an argument and, in any event, the two offenses each contain an element that the other does not, *compare Battle*, 892 F.2d at 999, *and Camacho*, 233 F.3d at 1317, *with Deleveaux*, 205 F.3d at 1296–97.  The district court therefore did not err in determining that Reilly's sentence was not barred by principles of double jeopardy.  *See McIntosh*, 580 F.3d at 1226.

Furthermore, in *Witte*, the Supreme Court addressed whether a court violates the Double Jeopardy Clause by convicting and sentencing a defendant for a crime when the conduct underlying that offense has been considered in determining the defendant's sentence for a previous conviction.  *Witte*, 515 U.S. at 391.  The Court held that using evidence of related criminal conduct to enhance a defendant's sentence for a separate crime does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause.  *Id.* at 399–404; *see also United States v. Carey*, 943 F.2d 44, 46 n.4 (11th Cir. 1991) (noting that, although

7

consideration of such criminal conduct has the practical effect of penalizing the defendant for that conduct, it does not constitute punishment for purposes of double jeopardy because the defendant is only being punished for the instant offense, which is made more serious by the defendant's other criminal conduct).

### III.    Double Counting Claim

We review a claim of double counting de novo.  *United States v. Dudley*, 463 F.3d 1221, 1226 (11th Cir. 2006).  "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines."  *Id.* at 1226–27 (quotation marks omitted).  We "presume that the Sentencing Commission intended separate Guideline sections to apply cumulatively, unless specifically directed otherwise."  *Id.* at 1227 (quotation marks omitted).  Double counting a factor is permissible if the Sentencing Commission intended that result and each Guideline section concerns conceptually separate notions related to sentencing.  *Id.*

In *Witte*, the Supreme Court noted that much of the defendant's argument— like Reilly's argument here—should not be characterized as a Double Jeopardy violation claim, but as "the more modest contention that he should not receive a second sentence under the Guidelines for the [later] activities that were considered as relevant conduct for the [earlier] sentence."  *Witte*, 515 U.S. at 404.  The Court

8

noted that the Sentencing Guidelines addressed the potential unfairness of having a second sentence enhanced for factors that were considered as relevant conduct in a prior sentencing. *Id*. Specifically, the Court noted that the concept of relevant conduct under the Sentencing Guidelines was reciprocal and that U.S.S.G. § 5G1.3 mitigated the possibility that two prosecutions would grossly increase a defendant's sentence by requiring that the sentence resulting from an offense that was fully taken into account as relevant conduct in the later offense be imposed concurrently to the undischarged term of imprisonment. *Id.* at 404–05.

Section 1B1.3 of the Sentencing Guidelines states that relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A). Section 5G1.3 addresses the imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment. *Id.* § 5G1.3. Subsection (a) concerns a situation where the instant offense was committed while the defendant was serving a term of years or after being sentenced to a term of imprisonment that had not yet commenced. *Id.* § 5G1.3(a).

Subsection (b) provides:

> If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2),or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:

9

> > (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> > (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

*Id.* § 5G1.3(b).

Part D of Chapter 2 of the Sentencing Guidelines deals with offenses involving drugs and narcoterrorism. *See* U.S.S.G. Ch. 2, Pt. D. Section 2D1.1(b)(1) of the Guidelines imposes a two-level increase in a defendant's offense level if he possesses a dangerous weapon, including a firearm. *See id.* § 2D1.1(b)(1). Part K of Chapter 2 of the Guidelines deals with offenses involving public safety. *Id.* Ch. 2, Pt. K. Under § 2K2.1(b)(6)(B), a defendant's offense level is raised by four if he used or possessed a firearm in connection with another felony offense. *Id.* § 2K2.1(b)(6)(B). Under § 3B1.1(a) of the Guidelines, a four-level enhancement should be applied if a defendant was an organizer or leader of criminal activity involving five or more participants or was otherwise extensive. *Id.* § 3B1.1(a). Under § 3B1.1(c), a defendant's offense level is increased by two if he was an organizer, supervisor, manager, or leader of criminal activity

10

involving less than five participants that was not otherwise extensive. *Id.* § 3B1.1(c).

Reilly's argument that the application of the enhancements resulted in impermissible double counting is unpersuasive. Reilly has pointed to no section of the Sentencing Guidelines indicating that a defendant may not have his sentence enhanced for possessing a firearm, *id.* § 2D1.1(b)(1), if he previously had his sentence enhanced for using or possessing a firearm in connection with another felony offense, *id.* § 2K2.1(b)(6)(B). *See Dudley*, 463 F.3d at 1227. Reilly also does not point to any part of the Sentencing Guidelines indicating that a defendant may not receive an enhancement under § 3B1.1(a) and (c) in separate cases.[1]

More importantly, the enhancements punished separate conduct or served different purposes. In the earlier case, the district court enhanced Reilly's sentence

---

[1] Reilly relies solely on *United States v. Burrell*, 662 F. App'x 889, 894–95 (11th Cir. 2016) (per curiam), to argue that the imposition of enhancements under § 2K2.1 and § 2D1.1 can result in impermissible double counting. That case, however, is distinguishable. In *Burrell*, the defendant asserted that the district court engaged in double counting when it imposed two-level enhancements under both § 2K2.1(b)(1)(A) and § 2D1.1(b)(1) for his possession of multiple firearms. 662 F. App'x at 894. We noted that, although the probation officer had calculated his offense level under both sections, she ultimately only applied the § 2D1.1 enhancement because it produced the greater offense level of the two. *Id.* at 895. Because only one of the enhancements was applied, we determined that no double counting occurred. *Id.* We did not decide whether it would have been permissible for the probation officer to apply both sections simultaneously, nor did we address whether separate courts could each apply one section after considering the same conduct (here, the possession of multiple firearms). *See generally id.* Furthermore, we have noted that the commentary to § 2K2.1 recognizes that a firearm may enable other offenses, including drug crimes, and that the Sentencing Guidelines specifically instruct a sentencing court to take all relevant conduct into consideration when determining the Guideline range. *See United States v. Webb*, 665 F.3d 1380, 1383 (11th Cir. 2012).

for his role in the offense for directing a codefendant to purchase a shotgun. In the current case, the court applied the enhancement for Reilly being an organizer of a large, multistate drug ring. With regard to Reilly's enhancements for possession of firearms, the enhancement that Reilly received in the earlier case for ordering his codefendant to purchase a shotgun fell under Part K of Chapter 2 of the Sentencing Guidelines, which deals with enhancements for offenses involving public safety. *See generally* U.S.S.G. Ch. 2, Pt. K. But the enhancement he received in the current case, under § 2D1.1(b)(1), is in the section of the Sentencing Guidelines dealing specifically with drug offenses. *See generally id.* Ch. 2, Pt. D. The Sentencing Commission chose to punish the possession of firearms in multiple ways and, because furthering public safety and punishing the use of guns during drug crimes are conceptually separate notions, the district court did not engage in impermissible double counting by punishing Reilly for both. *Dudley*, 463 F.3d at 1227.

Accordingly, the district court did not err by impermissibly double counting conduct. *Id.* at 1226.

**AFFIRMED.**

12