[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-15861

_____

D. C. Docket No. 04-00592-CR-01-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER MOCK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 14, 2008)**

Before EDMONDSON, Chief Judge, WILSON, Circuit Judge, and MARTINEZ,[*]
District Judge.

WILSON, Circuit Judge:

_____

  [*] Honorable Jose E. Martinez, United States District Judge for the Southern District of
Florida, sitting by designation.

A jury convicted Christopher Earl Mock of fourteen counts of arson, in violation of 18 U.S.C. § 844(i).  The district court sentenced him to 20 years in prison.  Mock appeals both his conviction and his sentence.  He requests a new trial, arguing that his Due Process rights were violated because of (1) improper statements made in the government's closing argument and (2) cumulative errors made by the district court.  He also argues that his sentence should be overturned because: (a) the district court improperly applied the cross-reference to attempted first-degree murder, U.S.S.G. § 2A2.1(a)(1), to two of the counts when calculating his base offense level; (b) his sentence was procedurally and substantively unreasonable; and (c) the district court's application of § 2A2.1(a)(1) violated his Sixth Amendment right to a jury trial because he was indicted only for arson.  We affirm Mock's conviction, but vacate and remand his sentence because the district court's findings were inadequate to support application of § 2A2.1(a)(1).

Mock was convicted of setting fires in the stairwells of fourteen apartment buildings.  The fires were set using a small amount of liquid accelerant and an igniter, and resulted in a total of $601,550 in damage.  While most of the fires were rather small and caused only *de minimis* damage, two of the fires blazed out of control, causing substantial damage.  No one was seriously injured, but the fires, generally set in the bottom of stairwells located inside the buildings, worked to trap

2

residents in the top floors. The two major fires forced some families to escape out of windows; one family was forced to jump from their second-story window to an awning below.

## I. Mock's Conviction

Mock argues that he was denied a fair trial in violation of his Due Process rights because (1) the prosecution made inflammatory remarks during closing argument, and (2) the district court made a number of small errors, cumulatively denying him a fair trial.

Mock takes issue with the following statements made by the prosecution during its closing argument: (1) that "Mock is a former police officer. He once took that oath to serve and protect and, unfortunately, he's forgotten about it . . . [he is] an officer fallen from grace;" (2) that Mock learned about setting fires from his relatives, who were firefighters; and (3) that Mock set the fires "[b]ecause that is what he likes, fires. It's exciting; it gives him a feeling of power and that's why he's doing it."

Because Mock did not raise this issue in the district court, he is only entitled to relief if he can show "plain error that is so obvious that failure to correct it would jeopardize the fairness and integrity of the trial." *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997) (citing *United States v. Rodgers*, 981 F.2d

3

497, 499 (11th Cir. 1993) (per curiam)). "A prosecutor's comments [in closing argument] must be viewed in the context of the record as a whole, and will be the basis of reversal only if they result in prejudice affecting the substantial rights of the defendant." *Id.* (alteration in original) (internal quotation marks omitted). In closing argument, a prosecutor is not prohibited from making "colorful and perhaps flamboyant" remarks if they relate to the evidence adduced at trial. *United States v. Jacoby*, 955 F.2d 1527, 1541 (11th Cir. 1992). Furthermore, because the statements made in closing are not evidence, "the district court may rectify improper prosecutorial statements by instructing the jury that only the evidence in the case is to be considered." *Id.*

Each of the above statements, while perhaps "colorful," was related to evidence adduced at trial, and did not work to jeopardize the fairness and integrity of the trial. Moreover, the district court instructed the jury that "anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding . . . ." Therefore, even if the statements were unfairly prejudicial, the district court rectified any harmful effect. *See id.*

Mock also argues that the following alleged errors, when viewed cumulatively, deprived him of Due Process and that he is therefore entitled to a

4

new trial. Mock claims that the district court erred by (1) excluding Mock's evidence of other fires; (2) admitting testimony that while under surveillance Mock was seen rifling through mailboxes; (3) failing to grant Mock a mistrial when the jury learned that, upon Mock's arrest, police found a syringe and vial on his person; (4) excluding a witness from testifying that she believed someone else set two of the fires; and (5) admitting Mock's post-arrest statements as rebuttal evidence. We find that the district court did not abuse its discretion in taking the above actions.

One, the district court properly excluded Mock's evidence of two unrelated fires, one occurring in a bedroom for which another defendant was arrested, the other occurring in an unoccupied building under construction. Neither of the fires was set in the stairwells of occupied apartment buildings, a common feature of the fires for which Mock was indicted. The district court, therefore, did not abuse its discretion in excluding the evidence as irrelevant.

Two, the district court did not abuse its discretion in allowing a government agent to testify that while under surveillance, at around the time of one of the fires, Mock was observed rifling through other people's mailboxes. We have held that evidence "not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if

5

linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime . . . ." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (internal quotation marks omitted). Accordingly, the district court did not abuse its discretion in admitting evidence of Mock's actions while under surveillance around the time of the fires.

Three, the district court did not err in refusing to grant Mock a mistrial when the jury learned that Mock was carrying a syringe and vial at the time of his arrest. Mock himself referred to his illegal use of drugs in his case-in-chief, and therefore evidence that Mock carried drug paraphernalia would not likely have an additional prejudicial effect. In any case, the district court gave the jury a curative instruction to disregard this information. "A jury is presumed to follow the instructions given to it by the district judge," *United States v. Ramirez*, 426 F.3d 1344, 1352 (11th Cir. 2005) (per curiam), and there is nothing to suggest that the jury's knowledge that Mock possessed drug paraphernalia affected its decision to convict him for arson.

Four, the district court properly excluded a witness from testifying that she "believed" someone else committed two of the fires. Under Rule 701 of the Federal Rules of Evidence, "the opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation . . . ." *United States v.*

6

*Marshall*, 173 F.3d 1312, 1315 (11th Cir. 1999). Therefore, as this lay witness' opinion testimony was not based on first-hand knowledge, it was properly excluded.

Five, the district court did not abuse its discretion in allowing the government to admit Mock's post-arrest statement as rebuttal evidence. Mock argues that the government offered his statement as rebuttal evidence, rather than in its case-in-chief, as a "last minute tactical strategic matter to have the last word on what Mock told the agent." However, Mock's post-arrest statement properly rebutted the claims made by Mock's two prior witnesses, that a different individual may have set one of the fires, by tending to show that it was *Mock* who set the fire. The "purpose of rebuttal evidence is to explain, repel, counteract, or disprove the evidence of the adverse party, and the decision to permit rebuttal testimony is one that resides in the sound discretion of the trial judge." *United States v. Frazier*, 387 F.3d 1244, 1269 (11th Cir. 2004) (en banc) (internal quotation marks omitted). In this case, the district court did not abuse its discretion in admitting the evidence, as it could have properly found that the statement's purpose was to "explain, repel, counteract, or disprove" Mock's evidence that another individual set one of the fires.

For the above reasons, we affirm Mock's conviction.

## II. Mock's Sentence

In calculating Mock's base offense level for the two counts relating to the large fires, the district court applied a cross-reference in the arson guideline, U.S.S.G. § 2K1.4(c), to the attempted first-degree murder guideline, U.S.S.G. § 2A2.1. The arson guideline contains a cross-reference, providing that: "If death resulted, or the offense was intended to cause death or serious bodily injury, apply the most analogous guideline from Chapter Two, Part A (Offenses Against the Person) if the resulting offense level is greater than that determined above." U.S.S.G. § 2K1.4(c)(1). Chapter Two, Part A of the manual contains the guideline for attempted first-degree murder, which applies only when "the object of the offense would have constituted first-degree murder." U.S.S.G. § 2A2.1(a)(1). For purposes of § 2A2.1(a)(1), murder is defined as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). First-degree murder is defined, in relevant part, as "[e]very murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson . . . ." 18 U.S.C. § 1111(a).

The district court applied the guideline for attempted first-degree murder without making explicit findings. Instead, without elaboration, it concluded that it

8

would apply the cross-reference "because the Government has shown by a preponderance of the evidence that the more appropriate guidelines to be applied in this case are § 2K1.4(c) and § 2A2.1." For the cross-reference to apply, however, a preponderance of the evidence must show that Mock intended to cause death or serious bodily injury in setting the two larger fires.[1] Only if the court concludes that Mock did have such an intent, must it evaluate which guideline from Chapter Two, Part A is most analogous to the offense. Although the district court *may* have based its decision to depart from the arson guideline and apply § 2A2.1 on the above finding, we cannot be sure that it did.

"[T]o facilitate judicial review of sentencing decisions and avoid unnecessary remands, sentencing judges should make explicit findings of fact and conclusions of law." *United States v. Villarino*, 930 F.2d 1527, 1528 (11th Cir. 1991) (alterations and internal quotation marks omitted). In this case, we find that the district court's failure to make specific findings of law and fact precludes meaningful appellate review. *See id.* at 1529. Accordingly, we vacate Mock's sentence and remand his case for the district court to reexamine the applicability of

---

[1] If it is found that Mock did not intend to cause serious bodily injury, and instead only acted in reckless disregard of that risk, the district court should have stayed within the sentencing guidelines for arson, § 2K1.4, and perhaps applied its most stringent provision for knowingly "creat[ing] a substantial risk of death or serious bodily injury" to the residents of the apartment buildings. U.S.S.G. § 2K1.4(a)(1).

9

§ 2A2.1 in light of this opinion and to make explicit findings.[2]

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

---

[2] We therefore decline to address the other issues Mock raises with regard to his sentence.