[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13525
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20002-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT GLOVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 12, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Glover challenges his conviction and 210-month sentence imposed

for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On appeal, Glover argues that the district court erred when it admitted testimony from police officers about out-of-court statements, in violation of his Sixth Amendment right to confront witnesses against him. Next, he argues that, when viewed cumulatively with the admission of these out-of-court statements, the prosecutor's improper arguments during closing deprived Glover of his right to a fair trial. Finally, Glover argues that his 210-month sentence is unreasonable because it resulted from the court's undue focus on his criminal history and its disregard for his significant mitigating circumstances.

## I. The Sixth Amendment

We review constitutional questions de novo. United States v. Brown, 364 F.3d 1266, 1268 (11th Cir. 2004). We also review de novo the question of whether out-of-court statements are "testimonial" for purposes of the Confrontation Clause. United States v. Lamons, 532 F.3d 1251, 1261 n.15 (11th Cir.), cert. denied, 129 S.Ct. 524 (2008). Sixth Amendment Confrontation Clause violations are subject to the harmless-error standard. United States v. Edwards, 211 F.3d 1355, 1359 (11th Cir. 2000).

The Confrontation Clause of the Sixth Amendment provides a defendant in a criminal trial the right "to be confronted with the witnesses against him."

U.S. Const. amend. VI. In <u>Crawford v. Washington</u>, the Supreme Court held that when testimonial evidence is used against a defendant at trial, his Sixth Amendment rights under the Confrontation Clause cannot be denied unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004).

The Confrontation Clause prohibits only statements that constitute impermissible hearsay. The Supreme Court explained that "[t]he Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." <u>Crawford</u>, 541 U.S. at 59 n. 9, 124 S.Ct. 1354; <u>see also</u> <u>Tennessee v. Street</u>, 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985) ("The nonhearsay aspect of [the declarant's] confession-not to prove what happened at the murder scene but to prove what happened when respondent confessed-raises no Confrontation Clause concerns."). In <u>United States v. Baker</u>, we explained that if a hearsay statement is testimonial-"typically [a] solemn declaration or affirmation made for the purpose of establishing or proving some fact"-its admissibility is prohibited by the Confrontation Clause. 432 F.3d 1189, 1203-04 (quoting <u>Crawford</u>, 541 U.S. at 51, 124 S.Ct. 1354). Hearsay, of course, "is a statement, other than one made by the declarant while testifying at the trial or

3

hearing, offered in evidence to prove the truth of the matter asserted," Fed.R.Evid. 801(c).  But, if a trial court admits a statement, made by an available declarant whom the defendant has not had the opportunity to cross-examine, for a purpose other than for the truth of the matter asserted, the admissibility of that statement does not violate the Confrontation Clause.

The statements here were not introduced for the truth of the matter asserted because they merely explained why the police sought to stop Glover and were not testimonial because they were not given in solemn declaration or affirmation for the purpose of establishing a fact.  Therefore, we reject this argument.

## II. Closing Arguments and Cumulative Error

Where, as here, a defendant does not object to comments made by the prosecution at trial, the standard of review is plain error.  United States v. Hernandez, 921 F.2d 1569, 1573 (11th Cir. 1991).  To justify reversal under this standard, the error must be "so obvious that failure to correct it would jeopardize the fairness and integrity of the trial."  United States v. Mock, 523 F.3d 1299, 1302 (11th Cir. 2008).

"The sole purpose of closing argument is to assist the jury in analyzing the evidence."  United States v. Iglesias, 915 F.2d 1524, 1529 (11th Cir. 1990).

4

"While a prosecutor may not exceed the evidence in closing argument, he may state conclusions drawn from the evidence." United States v. Bailey, 123 F.3d 1381, 1400 (11th Cir. 1997) (citation omitted). A prosecutor is not prohibited from making "colorful and perhaps flamboyant" remarks if they relate to the evidence adduced at trial. Id.; see also United States v. Frazier, 944 F.2d 820, 827-28 (11th Cir. 1991) ("A prosecutor may even describe a defense as 'absurd' and 'a big fake' as long as the trial record supports the prosecutor's comments.").

The prosecution may not "place the prestige of the government behind a witness by making explicit personal assurances of the witness's veracity or by indicating that information not presented to the jury supports the testimony." Hernandez, 921 F.2d at 1573. "The prohibition against vouching does not forbid prosecutors from arguing credibility, which may be central to the case; rather, it forbids arguing credibility based on the reputation of the government office or on evidence not before the jury." Id.

We review for an abuse of discretion a party's argument that a series of errors by the district court, when viewed cumulatively, denied the party a fair trial. Mock, 523 F.3d at 1302. The cumulative error doctrine "provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair

5

trial, which calls for reversal." United States v. Baker, 432 F.3d 1189, 1223 (11th Cir. 2005) (quotation omitted). "The harmlessness of cumulative error is determined by conducting the same inquiry as for individual error–courts look to see whether the defendant's substantial rights were affected." Id. (quotation omitted).

Here, the statements made by the prosecutor were within the realm of acceptable comments made in closing argument. The prosecutor's comments on the veracity of the police officers was based on an attack on their credibility and did not invoke the prestige of the government. Additionally, his statements about Glover's rationale for fleeing were proper comments on the evidence. There was no plain error.

## III. Reasonableness of the Sentence

We review a defendant's sentence for reasonableness. United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005); United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). After Booker, sentencing requires two steps: first, the district court must correctly calculate the guideline range, and second, the district court must consider the factors listed in 18 U.S.C. § 3553(a) in arriving at a reasonable sentence. United States v. Talley,

431 F.3d 784, 786 (11th Cir. 2005).

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Gall v. United States, 552 U.S. ___, ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Our reasonableness review is deferential, and requires us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. The party challenging the sentence "bears the burden of establishing that the sentence was unreasonable in light of [the] record and the factors in section 3553(a)." Id.

In arriving at a reasonable sentence, the district court is required to consider the factors set out in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. at 786 (citing 18 U.S.C. § 3553(a)). The district court shall impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of

factors two through five listed above. 18 U.S.C. § 3553(a). It is sufficient for the district court to acknowledge that it has considered the § 3553(a) factors, but it need not explicitly discuss each of them. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). We have recognized that "there is a range of reasonable sentences from which the district court may choose." Talley, 431 F.3d at 788. Necessarily, there are also "sentences outside the range of reasonableness that do not achieve the purposes of sentencing stated in § 3553(a) and that thus the district court may not impose." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006).

Because the district court sentenced Glover within the guidelines range and considered the § 3553(a) factors, Glover has not satisfied his burden of establishing that his sentence was unreasonable. In addition, the sentence was not greater than necessary, as the district court took into account the seriousness of the offense and the need to provide for just punishment, both of which are proper considerations under § 3553(a)(2).

## IV. Conclusion

Because there was no error at trial warranting a reversal and because the district court properly sentenced Glover, we affirm.

**AFFIRMED.**[1]

---

[1] Glover's request for oral argument is denied.