[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-17052
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-60134-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD LAROSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 13, 2010)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Ronald Larose appeals his convictions, following a jury trial, for

(i) conspiracy to import at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B), and 963; (ii) conspiracy to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and (iii) attempted importation of cocaine, in violation of §§ 952(a), 960(b)(2)(B), and 963. His convictions resulted from an investigation of the activities of a criminal enterprise that smuggled cocaine into the United States through female couriers who transported the drugs from the Bahamas aboard day cruises originating in Port Everglades, Florida. On appeal, Larose argues that the district court erred by denying his motion for a mistrial because its curative instruction was insufficient to remedy the unfair prejudice that resulted from a co-conspirator's comment at Larose's trial that another district was handling her case because of safety concerns.

When properly preserved, we review a district court's decision not to grant a mistrial for an abuse of discretion. *United States v. Emmanuel*, 565 F.3d 1324, 1334 (11th Cir.), *cert. denied*, 130 S. Ct. 1032 (2009). "The decision to grant a mistrial is within the discretion of the trial judge since he is in the best position to evaluate the prejudicial effect of a statement or evidence on the jury." *United States v. Saget*, 991 F.2d 702, 707-08 (11th Cir. 1993) (quoting *United States v. Blakely*, 960 F.2d 996, 1000 (11th Cir. 1992)). To establish entitlement to a

2

mistrial, a defendant "must show that his substantial rights are prejudicially affected;" that is, there is a reasonable probability that, but for the statement, the outcome of the trial would have been different. *Emmanuel*, 565 F.3d at 1334 (internal quotation marks omitted). "We make th[at] determination in the context of the entire trial and in light of any curative instruction." *United States v. Newsome*, 475 F.3d 1221, 1227 (11th Cir. 2007).

"When a court gives a direct and explicit curative instruction regarding improper testimony, it supports the court's decision not to grant a mistrial by decreasing the possibility of undue prejudice." *United States v. Perez*, 30 F.3d 1407, 1411 (11th Cir. 1994). Moreover, when a curative instruction has been given, "we will reverse only if the evidence is so highly prejudicial as to be incurable by the trial court's admonition." *Id.* at 1410 (internal quotation marks omitted). "The voicing of potentially prejudicial remarks by a witness is common, and any prejudice is generally cured efficiently by cautionary instructions from the bench." *United States v. Evers*, 569 F.2d 876, 879 (5th Cir. 1978). This is so because "[a] jury is presumed to follow the instructions given to it by the district judge." *United States v. Mock*, 523 F.3d 1299, 1303 (11th Cir. 2008) (quoting *United States v. Ramirez*, 426 F.3d 1344, 1352 (11th Cir. 2005)).

In light of the overwhelming evidence of Larose's guilt and the district

court's curative instruction, we conclude from the record that the district court did not abuse its discretion in denying Larose's motion for a mistrial. Accordingly, we affirm his convictions.[1]

**AFFIRMED.**

---

[1]We also DENY Larose's motion to relieve counsel and to request appointment of new counsel.