[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2010
JOHN LEY
CLERK

No. 09-16411
Non-Argument Calendar

_____

D. C. Docket No. 08-00246-CR-5-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS VICKERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 7, 2010)

Before TJOFLAT, EDMONDSON, and WILSON, Circuit Judges.

PER CURIAM:

Marcus Vickers appeals his convictions for conspiracy to commit wire fraud, 18 U.S.C. § 371, and wire fraud, 18 U.S.C. § 1343. No reversible error has been shown; we affirm.

Vickers and several codefendants were charged with participating in a mortgage fraud scheme orchestrated by codefendant Dossey Richards. The charges against Vickers alleged two instances of mortgage fraud where he served as the closing lawyer for the same borrower, Lovie Hobbs. The government originally indicted Hobbs but later dismissed the charges against her. At trial, both Richards (who had pleaded guilty) and Hobbs testified for the government.

On appeal, Vickers challenges the second portion of the government's closing argument. Vickers first contends that the district court erred in allowing the government to continue its closing argument after an overnight recess. The amount of time allotted for closing arguments "is within the sound discretion of the district court." United States v. Carter, 760 F.2d 1568, 1581 (11th Cir. 1985). In addition, the district court "has broad discretion in the management of the trial and . . . a reviewing court should not interfere absent a clear showing of abuse." United States v. Hilliard, 752 F.2d 578, 582 (11th Cir. 1985).

At the close of all the evidence, the district court and both sides agreed on the length of the respective closing arguments. After all defendants finished their closing arguments, the court informed the government that defendants had exceeded cumulatively their allotted time by 10 minutes and allowed the government an additional 10 minutes. The government began its rebuttal and, eventually, the court interrupted and stated that the government had only 10 minutes left. The government finished its rebuttal, which included discussing Vickers and other defendants. Then the court adjourned for the day.

The next day, the court informed the government, outside the jury's presence, that it had made a mistake about the time and that, in fact, the government had 15 minutes of closing argument time remaining. The government elected to use the extra time. All defendants, including Vickers, objected to allowing the continued closing argument, contending that it would be prejudicial.

We conclude that the district court abused no discretion in allowing the government additional rebuttal time. The court, as manager of the trial, was well within its discretion to correct its own timing error and to allow the government to have the agreed-upon amount of time for closing argument. We are unpersuaded by Vickers's argument that allowing the additional argument after the overnight recess gave the government an unfair advantage in convincing the jury of his guilt.

3

Vickers also challenges the content of the government's rebuttal: he argues that the government improperly vouched for Hobbs's credibility. Because Vickers did not raise this claim in the district court, "relief is available [to him] to rectify only plain error that is so obvious that failure to correct it would jeopardize the fairness and integrity of the trial." United States v. Bailey, 123 F.3d 1381, 1400 (11th Cir. 1997). "A prosecutor's comments in closing argument must be viewed in the context of the record as a whole, and will be the basis of reversal only if they result in prejudice affecting the substantial rights of the defendant." United States v. Mock, 523 F.3d 1299, 1302 (11th Cir. 2008) (quotation and alteration omitted).

In closing argument, Vickers's lawyer intimated that Hobbs had an incentive to lie, given her status as a former defendant in the case, and that she had an unwritten agreement with the government. In its additional closing argument, the government addressed Vickers's point that Hobbs may have an agreement with the government, noting that it had "an ethical responsibility" to reveal to defendants any agreements that existed.

In this case, the government generally would not be allowed to argue the credibility of a witness based on the "ethical responsibility" of the government. See United States v. Lopez, 590 F.3d 1238, 1256 (11th Cir. 2009), cert. denied, (U.S. Oct. 18, 2010) (09-10985) (explaining that a prosecutor's remarks are

4

improper if they attempt to bolster the credibility of a witness based on the government's reputation).  But we have recognized an exception to this prohibition on vouching -- "the so-called 'fair response' rule, that entitles a prosecutor to respond to arguments advanced by defense counsel in his . . . statement to the jury."  See id.  In evaluating the prosecutor's remarks, we must consider what the defense said too; "if the prosecutor's remarks were 'invited,' and did no more than respond substantially in order to 'right the scale,' such comments would not warrant reversing a conviction." United States v. Young, 105 S.Ct. 1038, 1045 (1985).

Considering the government's comment in the context of the entire record, we cannot say that Vickers has shown that the government committed an obvious error.  The government's remark responded to Vickers's suggestion in his closing argument that a deal existed between the government and Hobbs for her testimony.  The government made it clear to the jury that its statement was in response to the suggestion made by Vickers and "did no more than respond substantially in order to right the scale."

Even if the remark was improper, Vickers has not shown how the jury's verdict would have been different but for the remark.  Contrary to his contentions, testimony by other government witnesses, including Richards, provided

5

corroborating evidence of Vickers's guilt in addition to Hobbs's testimony. And the district court also instructed the jury that it could consider only the evidence presented and that the closing arguments were not evidence. See Mock, 523 F.3d at 1302 (the district court may rectify improper prosecutorial statements by instructing the jury that only the evidence in the case is to be considered).

In sum, the district court permissibly allowed the government to continue its closing argument after the overnight recess; and nothing in the government's closing argument constituted error prejudicing Vickers's substantial rights or jeopardizing the fairness and integrity of the trial.

AFFIRMED.