[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10453
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-20436-DLG-17

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS FLORES LOPEZ,
a.k.a. Mono Dos,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 10, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Carlos Flores Lopez appeals his convictions for conspiring to import heroin and cocaine, 21 U.S.C. § 963, conspiring to distribute with intent to import heroin and cocaine, id., conspiring to possess with intent to distribute heroin and cocaine, id. § 846, attempting to import heroin, id. § 963; and importing cocaine, id. § 952(a). Lopez challenges the denial of his motion to suppress an out-of-court identification and, for the first time on appeal, the admission of an in-court identification, and Lopez challenges the denial of his motion for a new trial. We affirm.

No error occurred in permitting Adolpho Espinosa to identify Lopez during trial. Even assuming that Espinosa's out-of-court identification was unduly suggestive, Espinosa's in-court identification was reliable. See Marsden v. Moore, 847 F.2d 1536, 1546 (11th Cir. 1988). Espinosa identified Lopez at trial based on a 45-minute meeting in which they discussed trafficking in drugs.

The district court did not abuse its discretion when it denied Lopez's motion for a new trial in which he challenged the identification of his voice by Agent Ryan Johnson of the Drug Enforcement Agency. Johnson testified that he had compared his interview of Lopez to a recording of the 45-minute meeting between Lopez and Espinosa, and Johnson opined that one person in the record "sounded very much like Mr. Carlos Lopez." Johnson's testimony aided the jury in

identifying Lopez as a participant in the meeting because the jury never heard Lopez speak at trial. See Fed. R. Evid. 701; United States v. Marshall, 173 F.3d 1312, 1315 (11th Cir. 1999). Lopez argues that Johnson's testimony "unfairly prejudiced the defense" because the jury "was given the impression that [Johnson's] opinion would hold more weight" because he was a law enforcement officer, but the district court instructed the jury that the "testimony of police officers or federal agents is to be given no more nor less weight than the testimony of other witnesses." We presume that the jury followed that instruction. See United States v. Mock, 523 F.3d 1299, 1303 (11th Cir. 2008). Lopez also argues that his right of cross-examination was unfairly limited and the jury surmised that he had a criminal history because Johnson testified, but Johnson did not state that he had any prior dealings with Lopez or suggest that Lopez had prior contact with the criminal justice system. The district court did not abuse its discretion by allowing Johnson to testify as a lay witness.

We **AFFIRM** Lopez's convictions.