[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15712
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20398-MGC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAGALY GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 26, 2017)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Magaly Gonzalez appeals her 60-month sentence for conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. She argues, and the Government concedes,[1] that the district court clearly erred when it imposed a three-level enhancement for her aggravating role in the offense and a two-level enhancement for sophisticated means, because the Government did not meet its burden of proof as to those enhancements. She also asserts her sentence was substantively unreasonable. After review,[2] we vacate and remand for resentencing.

When a defendant challenges one of the factual bases of her sentence, the government must prove the disputed fact by a preponderance of the evidence. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014). "Although not as rigorous as the reasonable doubt or clear and convincing standards, the preponderance standard is not toothless." *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995). It does not grant the court license to sentence a defendant in the absence of sufficient evidence if she has properly objected to a factual conclusion. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005).

---

[1] The Government's concession of error is not dispositive. *United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009).

[2] We review a district court's interpretation and application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Smith*, 480 F.3d 1277, 1278 (11th Cir. 2007). Factual findings are clearly erroneous when the appellate court on the record as a whole "is left with a definite and firm conviction that a mistake has been committed." *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011).

The sentencing court's factual findings for purposes of sentencing may be based on evidence heard during trial, undisputed facts in the PSI, or evidence presented during the sentencing hearing. *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). "[A]bsent a stipulation or agreement between the parties, an attorney's factual assertions at a sentencing hearing do not constitute evidence that a district court can rely on." *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013). If a court imposes a sentencing enhancement without demanding that the government present sufficient evidence to support a disputed, underlying fact, we generally will vacate and remand. *Martinez*, 584 F.3d at 1029. Where the government was aware of the defendant's objections and had an opportunity to present relevant evidence but failed to do so, it generally will not be permitted to present its evidence on remand. *Washington*, 714 F.3d at 1362.

As the Government concedes, Gonzalez's three-level role enhancement and two-level sophisticated means enhancement were not supported by a preponderance of the evidence. Because of Gonzalez's objections to the imposition of the enhancements and the paragraphs in the PSI that would support the enhancements, it was incumbent upon the Government to prove the enhancements were appropriate. Other than presenting a factual proffer at the sentencing hearing, however, the Government did not submit evidence to prove the enhancements. Additionally, the admitted facts in the plea proffer did not contain

3

sufficient facts to support the enhancements.  Thus, the district court clearly erred when it imposed the enhancements.  Accordingly, we vacate Gonzalez's sentence and remand to the district court for resentencing.[3]

**VACATED AND REMANDED FOR RESENTENCING.**

---

[3] In light of the foregoing, we decline to address Gonzalez's arguments with regard to the substantive reasonableness of her sentence.  *See United States v. Mock*, 523 F.3d 1299, 1304 n.2 (11th Cir. 2008) (declining to address the defendant's reasonableness arguments because his sentence was vacated and remanded due to a misapplication of the Guidelines).