[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16774
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00109-GKS-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAKISHA ABNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 29, 2017)

Before ED CARNES, Chief Judge, HULL, and WILSON, Circuit Judges.

PER CURIAM:

Lakisha Abney pleaded guilty to conspiracy to import cocaine into the United States in violation of 21 U.S.C. §§ 952(a) and 963. After applying a 2-level aggravating role enhancement, the district court sentenced her to 97 months in prison. She contends that the district court erred in imposing that enhancement. She also contends that her sentence is procedurally unreasonable in other ways and that it is substantively unreasonable.

## I.

In 2016 Abney and three other women took a Caribbean cruise. Another person booked the cruise for all four of them, and they shared a cabin on the ship. When the ship reached Jamaica, they disembarked and met a person who sold them cocaine. Abney paid a "large stack" of money in exchange for more than six kilograms of cocaine that was concealed in women's undergarments. The women then returned to the ship and stored the undergarments in their shared cabin.

When the cruise ship returned to the United States, the women disembarked from it wearing loose-fitting dresses to cover the undergarments containing the concealed cocaine. During screenings and pat down searches, Customs and Border Patrol Officers discovered the drugs. Special Agents from Homeland Security Investigations interviewed the women, and they confessed to their criminal conduct. Later each pleaded guilty to charges of conspiracy to import cocaine into the United States.

Because the offense involved between 5 and 15 kilograms of cocaine, Abney's presentence investigation report assigned her a base offense level of 30 under United States Sentencing Guidelines § 2D1.1(c)(5) (Nov. 2015). The PSR added a 2-level enhancement for her role in the offense, stating that she was "the organizer of the drug trafficking organization." It also applied a 3-level reduction for her acceptance of responsibility, resulting in a total offense level of 29. With a criminal history category of II, Abney's guidelines range was 97 to 121 months imprisonment.

Through counsel, Abney objected to the application of the aggravating role enhancement, arguing that she and her co-conspirators were equally culpable as drug transporters. In the Addendum to the PSR, the probation office defended the enhancement, asserting:

> The investigation revealed that three cooperating defendants provided testimony that Abney played an organizer or leadership role in the conspiracy. Abney assisted another individual in recruiting three individuals to go on the cruise to pick up the cocaine in Jamaica. Abney also coordinated the cocaine pickup by communicating with the person who sent them on the cruise . . . and with the people in Jamaica who ultimately provided the cocaine.

At the sentence hearing, Abney's counsel repeated her objection to the aggravating role enhancement and explained Abney's role in the conspiracy.[1] She

---

[1] Abney herself did not testify or make any statements to the judge about the historical facts underlying the enhancement issue. The statements about them were made by her counsel, not her. As a result, this case does not present the issue of whether the Brown doctrine applies to

3

noted that Abney conceded that she handled the money for the transaction and that she was supposed to be paid a "negligible amount" more than her co-conspirators. But counsel stated that Abney denied that her co-conspirators' involvement was the result of her recruitment and asserted that they were friends before they all agreed to go on the cruise. Abney's position, as advanced by counsel, was that she and the other women were targeted by another person who was the ringleader of the conspiracy and who made the arrangements for the cruise. Counsel added that Abney and her co-conspirators received directions for meeting the drug supplier in Jamaica while they were together on the cruise ship, and the man who supplied the drugs had boarded the boat and threatened their lives.

The government asserted that the other co-conspirators had identified Abney as the "organizer on the boat" who "kept everyone in line," that she had direct contact with the ringleader in America, and that she was trusted to handle the money. Although the government referred to the "facts of this case" as ones the court was "well aware of," it did not identify the circumstances underlying the co-conspirators' inculpatory statements or submit any evidence to support its assertions.

---

statements that a defendant makes in a sentence hearing. See United States v. Brown, 53 F.3d 312, 314 (1995) ("[A] statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilty. . . . [W]hen a defendant chooses to testify, he runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true." (quotation marks omitted)).

4

Based on "the information the Court ha[d] on all of the other three co-conspirators," the district court found that the PSR and the enhancement were correct. It determined that Abney was subject to the recommended guidelines range of 97 to 121 months in prison. It then sentenced her to 97 months imprisonment, the low end of the guidelines range.

## II.

Abney contends that the district court erred in applying the aggravating role enhancement under U.S.S.G. § 3B1.1(c). We review for clear error a district court's determination that a defendant is subject to a § 3B1.1 role enhancement. United States v. Martinez, 584 F.3d 1022, 1025 (11th Cir. 2009). Under that standard, a district court's finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. Barrington, 648 F.3d 1178, 1195 (11th Cir. 2011) (quotation marks omitted).

The district court's "factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed facts in the PSR, or evidence presented during the sentenc[e] hearing." United States v. Polar, 369 F.3d 1248, 1255 (11th Cir. 2004). "When a defendant challenges one of the factual bases of his sentence, the government must prove the disputed fact by a preponderance of the evidence." United States v. Aguilar-Ibarra, 740 F.3d 587,

592 (11th Cir. 2014).  The district court does not have license to sentence a defendant in the absence of sufficient evidence if she has properly objected to a factual conclusion.  United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005).  When a court imposes a sentence enhancement without demanding that the government present sufficient evidence to support a disputed, underlying fact, we generally will vacate and remand.  See Martinez, 584 F.3d at 1023 (vacating and remanding because "[o]n the slender record presented, the district court clearly erred in finding that [the defendant] was an organizer or leader under U.S.S.G. § 3B1.1(a)"); United States v. Hall, 349 F.3d 1320, 1325–26 (11th Cir. 2003) (vacating and remanding because, in arguing for an abuse of trust enhancement, the government failed to present evidence of a personal trust relationship between the defendant pastor and any of his fraud victims).

Abney contends that the district court erred when it applied the aggravating role enhancement under § 3B1.1 because the government failed to meet its burden of proof.  We agree.  Section 3B1.1(c) of the sentencing guidelines provides for a 2-level increase "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" that involved fewer than five participants or was not "otherwise extensive" within the meaning of § 3B1.1(a) and (b). U.S.S.G. § 3B1.1(c).  The commentary to § 3B1.1 explains that to qualify for the adjustment the "defendant must have been the organizer, leader, manager, or

6

supervisor of one or more other participants." Id. § 3B1.1 cmt. n.2 (emphasis added). When the defendant merely "exercised management responsibility over the property, assets, or activities of a criminal organization," an upward departure may be warranted, but a § 3B1.1 enhancement is not. Id.

We have explained that § 3B1.1 requires the exercise of some authority in the organization or the exertion of some degree of control, influence, or leadership over other participants in the crime. Martinez, 584 F.3d at 1026 ("[T]here must be evidence that the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity."); see also United States v. Glover, 179 F.3d 1300, 1303 (11th Cir. 1999) (vacating and remanding for resentencing because even though the evidence showed that the defendant "managed an asset (the cocaine) of the conspiracy," there was no evidence that he controlled a co-conspirator and there was no finding that he "was a manager of people"). For instance, we have found that recruitment and instruction of co-conspirators, in concert with other factors, shows the necessary degree of control, influence, or leadership for a defendant to qualify for a § 3B1.1 role enhancement. See, e.g., United States v. Caraballo, 595 F.3d 1214, 1232 (11th Cir. 2010) (holding that the district court did not clearly err in applying a leadership enhancement where the government presented evidence that defendant had, among

7

other things, recruited another participant and given specific instructions on how to commit the crime).

We have also held that where no undisputed facts show how a defendant organized or directed a conspiracy and the government presents no evidence of decision-making authority, "merely distributing drugs and making arrangements for the delivery and sale of drugs . . . is not enough to demonstrate a leadership role." Martinez, 584 F.3d at 1028 (finding U.S.S.G. § 3B1.1(a) did not apply). And a defendant's management of assets, standing alone, is not enough to support an enhancement under § 3B1.1(c). Glover, 179 F.3d at 1302–03 ("[A] section 3B1.1 enhancement cannot be based solely on a finding that a defendant managed the assets of a conspiracy. A finding involving just asset management may support only an upward departure.").

Through counsel, Abney repeatedly denied having a leadership role in the conspiracy. She challenged the enhancement and the assertions in the PSR that she helped recruit her co-conspirators and coordinated the drug transaction, triggering the government's burden to prove the disputed facts by a preponderance of the evidence. See Martinez, 584 F.3d at 1027 ("[O]nce a defendant objects to a fact contained in the PS[R], the government bears the burden of proving that disputed fact by a preponderance of the evidence."). In response to Abney's objections, the government reasserted that the PSR and statements made by her co-conspirators

8

showed that Abney was the "lead person on the ship" who "kept everyone in line." Those assertions were insufficient for two reasons.

First, the government based its assertions (like the disputed conclusions in the PSR) on the testimony of Abney's co-conspirators given at their own sentence hearings. We have held that evidence from the sentence hearing of another "may not — without more — be used to fashion a defendant's sentence if the defendant objects." United States v. Washington, 714 F.3d 1358, 1362 (11th Cir. 2013) (quotation marks omitted). And we have also explained that "where the defendant has not had the opportunity to rebut the evidence or generally to cast doubt upon its reliability, he must be afforded that opportunity." Id. (quotation marks omitted). In this case, if the government wished to rely on co-conspirators' assertions about their roles in the crime in relation to Abney's, it should have presented that evidence at Abney's sentence hearing, giving her an opportunity to rebut it. It did not.

Second, in response to Abney's objections, the government proffered only the statements of its counsel. In the Washington decision, we held that "absent a stipulation or agreement between the parties, an attorney's factual assertions at a sentenc[e] hearing do not constitute evidence that a district court can rely on." Id. The government argues its bare assertions were enough because, even though Abney objected to the aggravating role increase and certain facts related to it, she

did not object to the government's decision to proceed by proffer. The government's argument misreads the <u>Washington</u> decision. In that case, the defendant objected to the enhancement and factual assertions in the PSR and "requested hard evidence and not verbal assurances of opposing counsel" as to the number of victims. <u>Id.</u> At the sentence hearing, the defendant again objected to the enhancement. <u>Id.</u> at 1360–61. The government responded, asserting the victims totaled over 6,000; however, it "did not present evidence — no spreadsheets, no documents, no witnesses — identifying" the number of victims. <u>Id.</u> at 1361. We concluded that "the government failed to carry its burden, as it did not introduce any evidence" to support the enhancement. <u>Id.</u> Along the same lines, in this case the government's bare assertions were not made in conjunction with a stipulation or agreement. As a result, they were not sufficient to prove the disputed facts.

Once Abney challenged the aggravating role enhancement and the PSR's factual assertions that she helped recruit her co-conspirators and organized the drug transaction, the government was required to prove the disputed facts by a preponderance of the evidence. Its unsupported assertions at the sentence hearing failed to meet that burden. And the evidence that was before the court, standing alone, does not support a finding that Abney exercised a leadership or management role over one or more of her co-conspirators. The factual basis in the plea

agreements that each of the co-conspirators agreed was true stated: "All four individuals were booked on the cruise together and stayed in the same cabin aboard the ship. The four individuals were all from the Washington D.C./Maryland area." The factual basis says nothing about Abney making any of the arrangements for the trip, recruiting anyone for the transaction, or managing any of the participants.

Although the stipulated and undisputed facts do prove that Abney handled the money and was supposed to receive a "negligible amount" more than her co-conspirators as payment, those facts alone do not show that she exercised decision-making authority or exerted any degree of control or influence over her co-conspirators. And as our precedent makes clear, § 3B1.1 is concerned with a defendant's control over the participants — not the assets — of the conspiracy. See Glover, 179 F.3d at 1302–03. For those reasons, we **VACATE** Abney's sentence and **REMAND** the case for resentencing.[2]

At resentencing, the government will have the opportunity to present additional evidence in support of the claimed enhancement. Under 28 U.S.C. § 2106, circuit courts have "broad discretion to fashion an appropriate mandate on remand after the vacatur of a sentence." United States v. Martinez, 606 F.3d 1303, 1304 (11th Cir. 2010) (explaining that a reviewing panel may remand "for limited

---

[2] Abney also contends that the sentence is procedurally unreasonable in other ways and is substantively unreasonable. In light of the foregoing, we need not address those contentions. See United States v. Mock, 523 F.3d 1299, 1304 n.2 (11th Cir. 2008).

11

purposes, for broader purposes, or to permit further evidence to be presented on the second round even when a party has been given an opportunity but fails to do so on the first round"). We conclude that permitting the government to present evidence on remand is "just under the circumstances" presented in this case. See 28 U.S.C. § 2106 (2012). If it does so, Abney must be given an opportunity to rebut that evidence.