**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12125

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANTONIO MCCRAY,
a.k.a. Kutta,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00229-VMC-NHA-1

————————————

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Antonio McCray appeals his sentence of 180 months' imprisonment imposed after he pleaded guilty to one count of possessing

a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1). McCray contends his sentence is procedurally unreasonable because the district court erred in applying the cross-reference base offense level for attempted first-degree murder, raising his advisory Guidelines range from 27-33 months to 151-188 months.[1] After review,[2] we vacate and remand for additional findings to support the application of the attempted first-degree murder cross-reference.

## I. DISCUSSION

The normal base offense level for a violation of 18 U.S.C. § 922(g)(1) is contained in U.S.S.G. § 2K2.1. However, there is a cross-reference provision in U.S.S.G. § 2K2.1(c), which states that "[i]f the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense, or possessed or

---

[1] McCray also asserts the district court imposed a procedurally unreasonable sentence because it miscalculated the Guidelines range, relied on clearly erroneous facts, and failed to adequately explain the sentence it imposed. McCray further contends his sentence is substantively unreasonable because the sentence is not supported by the record and the district court failed to consider the 18 U.S.C. § 3553(a) factors. Because we vacate and remand for additional findings, we do not address these issues.

[2] We "review a district court's fact findings for clear error and its interpretation of the Sentencing Guidelines *de novo*." *United States v. Cenephat*, 115 F.4th 1359, 1367 (11th Cir. 2024). Where a defendant objects to the factual basis of his sentence, the government bears the burden of establishing the disputed facts. *Id.* at 1367-68. And in the district court, "the government must establish a sentencing enhancement by a preponderance of reliable evidence." *Id.* at 1368.

transferred a firearm or ammunition cited in the offense of conviction with knowledge or intent that it would be used or possessed in connection with another offense," the district court should apply U.S.S.G. § 2X1.1 "in respect to that other offense, if the resulting offense level is greater" than the default offense level. U.S.S.G. § 2K2.1(c)(1)(A).

U.S.S.G. § 2X1.1, which contains the guidelines for attempt, solicitation, and conspiracy offenses, states that "[w]hen an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section." U.S.S.G. § 2X1.1(c)(1). Attempted murder is one of those offenses. Section 2A2.1, the guideline for both assault with intent to commit murder and attempted murder, has a base offense level of 33, "if the object of the offense would have constituted first degree murder." U.S.S.G. § 2A2.1(a)(1). In the notes to this guideline, "first degree murder" is defined as conduct that would constitute first-degree murder under 18 U.S.C. § 1111. U.S.S.G. § 2A2.1, comment. n.1.[3]

18 U.S.C. § 1111 defines "murder" as the "unlawful killing of a human being with malice aforethought," and first-degree murder

---

[3] Courts "may not defer" to the Sentencing Guidelines Commentary "if uncertainty does not exist" in the Guideline provision itself. *United States v. Dupree*, 57 F.4th 1269, 1275 (11th Cir. 2023) (en banc). Still, where—as here—both parties rely on the commentary and no party contests the commentary's interpretation, we may look to the commentary as well. *United States v. Jews*, 74 F.4th 1325, 1327-28 & n.2 (11th Cir. 2023).

includes any "willful, deliberate, malicious, and premeditated killing." *United States v. Cenephat*, 115 F.4th 1359, 1368 (11th Cir. 2024) (quoting *United States v. Mock*, 523 F.3d 1299, 1303 (11th Cir. 2008)). "Attempted murder occurs when a person (1) intends to kill someone and (2) 'complete[s] a substantial step towards that goal.'" *Id.*

In *Mock*, we vacated Mock's sentence because the record was unclear as to whether the district court made the proper findings to impose a cross-reference to the U.S.S.G. § 2A2.1(a)(1) attempted murder guideline. 523 F.3d at 1304. There, Mock was charged with arson but was sentenced, pursuant to the cross-reference provision in the arson guideline, under the base offense level in U.S.S.G. § 2A2.1(a)(1). *Id.* at 1303-04. The applicable arson guideline stated that a cross-reference applied "[i]f . . . the offense was intended to cause death or serious bodily injury." *Id.* at 1303-04 ("For the cross-reference to apply, however, a preponderance of the evidence must show that Mock intended to cause death or serious bodily injury in setting the two larger fires."). But the district court did not explicitly find that Mock intended to cause death or serious bodily injury, which was necessary to trigger the application of the cross-reference provision. *Id.* Instead, it applied the attempted first-degree murder guideline after concluding only that "the Government has shown by a preponderance of the evidence that the more appropriate guidelines to be applied in this case are" the cross-reference provision and the attempted first-degree murder guideline. *Id.* at 1304. We noted that "[a]lthough the district court *may* have based its decision to depart from the arson guideline and apply § 2A2.1 on the above finding, we cannot be sure that

24-12125            Opinion of the Court            5

it did." *Id.* We then concluded since the district court did not clearly make the requisite threshold finding that the preponderance of the evidence showed Mock intended to cause death or serious bodily injury, we could not provide "meaningful appellate review." *Id.* We remanded "for the district court to reexamine the applicability of § 2A2.1 in light of this opinion and to make explicit findings." *Id.*

Here, during sentencing, at the conclusion of the Government's evidence in support of the attempted murder cross-reference, the district court stated, "So what else would you like to present to show that the defendant at least planned this with fellow gang members? I don't think he necessarily had to be the person pulling the trigger, obviously, but just that he planned it." Later, in ruling on the application of the cross-reference, the district court stated:

> I'm going to have to sustain the government's objection. I think they have met their burden of involvement.
>
> You've got the text messages, bullets, guns, and black jackets, the timing of the text messages, the rival gang, the cover-up. The ballistic information was very critical that was testified to. I think when you put all that together, the government has met its relatively low burden of by a preponderance of the evidence.
>
> So I will sustain the government's objection. And I think the attempted murder cross-reference

from Mr. McCray's conduct should have been included in there. And so that's my position. That's my ruling with respect to that.

For the cross-reference provision and the subsequent attempted murder guidelines to apply, the Government must have established, and the district court must have found by a preponderance of the evidence, that McCray "used or possessed [the Springfield Hellcat[4]] in connection with the commission or attempted commission of [first-degree murder], or possessed or transferred [the Springfield Hellcat] with knowledge or intent that it would be used or possessed in connection with [attempted first-degree murder]." U.S.S.G. § 2K2.1(c)(1). And to constitute attempted murder, the Government must have established, by a preponderance of the evidence, that McCray (or someone that he knowingly or intentionally transferred the gun to) "(1) intend[ed] to kill someone and (2) complete[d] a substantial step toward that goal." *Cenephat*, 115 F.4th at 1368. For the attempted murder to constitute first-degree attempted murder, the Government must have established by a preponderance of reliable evidence that the murder would have been "willful, deliberate, malicious, and premeditated." *Id.*

However, the district court believed that for the attempted first-degree murder guidelines in U.S.S.G. § 2A2.1(a)(1) to apply, McCray did not necessarily "ha[ve] to be the person who pulled the trigger." Rather, it was sufficient if McCray just "planned it." But

---

[4] McCray's felon in possession conviction was for the possession of a 9mm Springfield Hellcat pistol.

planning a murder is not sufficient to apply the U.S.S.G. § 2A2.1(a)(1) guidelines.  Rather, to trigger the cross-reference provision McCray must have "used or possessed [the Springfield Hellcat] in connection with the commission or attempted commission of [first-degree murder], or possessed or transferred [the Springfield Hellcat] with knowledge or intent that it would be used or possessed in connection with [attempted first-degree murder]." U.S.S.G § 2K2.1(c)(1).  It is not clear exactly what facts the district court relied on in imposing the cross-reference to the attempted first-degree murder guideline.  The district court never found as a matter of fact that McCray possessed the Springfield Hellcat on the dates in question, or what substantial step McCray took to commit attempted first-degree murder, such as either firing the gun, or giving it to someone else to fire.  While the court pointed to the evidence it relied on, it made no findings of fact on what that evidence showed.  The district court did not make factual findings regarding the required nexus between McCray's possession of the Springfield Hellcat pistol and the commission of attempted first-degree murder.  *See Mock*, 523 F.3d at 1304 (holding since this Court could not discern whether the district court found the requirements to trigger the cross-reference provision were met, it must vacate and remand for the district court to do so).

It would have been sufficient if the district court had found by a preponderance of the evidence that McCray possessed the Springfield Hellcat pistol in connection with attempted first-degree murder, such that McCray intended to and took a substantial step toward a willful, deliberate, malicious, and premeditated killing.  If,

on the other hand, the district court found only that McCray "planned" a shooting, unconnected to his possession of the Springfield Hellcat, this would be legally insufficient to apply the U.S.S.G. § 2A2.1(a)(1) base offense level, and thus caused an incorrect Guidelines calculation. While there was sufficient evidence for the district court to find McCray planned a shooting, this finding alone omits both the nexus requirement between the gun and the commission of the attempted first-degree murder, and the "substantial step" requirement for attempt. *See Cenephat*, 115 F.4th at 1368. Like *Mock*, "[a]lthough the district court *may* have based its decision to depart from the [felon in possession] guideline and apply § 2A2.1 on the [proper] finding[s], we cannot be sure that it did." *Mock*, 523 F.3d at 1304.

## II.  CONCLUSION

The district court stated the attempted first-degree murder guideline would apply if the Government proved, by a preponderance of the evidence, that McCray "planned" the shooting. However, this finding alone is insufficient to support the application of the attempted first-degree murder guideline cross-reference because it omits the "in connection with" gun requirement and the "substantial step" requirement. The district court did not make explicit factual findings explaining why it found the attempted first-degree murder cross-reference applied, and therefore we are unable to determine if the district court applied the cross-reference based on legally sufficient factual findings using the preponderance of the evidence standard. Thus, we vacate and remand to the district court.

24-12125            Opinion of the Court            9

**VACATED AND REMANDED.**