**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11299

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOHNNIE JAMARON SHIELDS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00116-VMC-LSG-1

_____

Before ABUDU, ANDERSON, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Johnnie Shields appeals his sentence of 121 months' imprisonment for possession of ammunition as a felon pursuant to U.S.S.G. §§ 2K2.1(c)(1)(A) and 2A2.1(a). On appeal,

Shields argues that the district court's factual finding that he committed attempted first-degree murder was clearly erroneous because it failed to make a finding that he had the specific intent to kill, and the court's finding that he acted with premeditation could not support the application of the cross-reference provision in U.S.S.G. § 2K2.1. After careful review, we affirm.

## I.

We "review a district court's fact findings for clear error and its interpretation of the Sentencing Guidelines *de novo*." *United States v. Cenephat*, 115 F.4th 1359, 1367 (11th Cir. 2024) (per curiam). When a defendant objects to the factual basis of his sentence, the government bears the burden of establishing the disputed facts. *Id.* at 1367–68. The government must establish a sentencing enhancement by a preponderance of reliable evidence before the district court. *Id.* at 1368.

## II.

The normal base offense level for a violation of 18 U.S.C. § 922(g)(1) is § 2K2.1. But Section 2K2.1 contains a cross-reference provision that states, "[i]f the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense," the district court should instead apply the guideline in U.S.S.G. § 2X1.1 "in respect to that other offense, if the resulting offense level is greater" than the default offense level. U.S.S.G. § 2K2.1(c)(1)(A). Section 2X1.1 of the Sentencing Guidelines states that "[w]hen an attempt, solicitation, or conspiracy is expressly

25-11299                Opinion of the Court                3

covered by another offense guideline section, apply that guideline section." *Id.* § 2X1.1(c)(1). Attempted murder is one of the offenses encompassed by § 2X1.1(c)(1). *Id.* § 2A2.1. The guideline for attempted murder has a base offense level of 33 "if the object of the offense would have constituted first degree murder." *Id.* § 2A2.1(a)(1). In the Application Notes to this guideline, "first degree murder" is defined as conduct that would constitute first degree murder under 18 U.S.C. § 1111. *Id.*, comment. (n.1).[1]

Murder is defined as "the unlawful killing of a human being with malice aforethought," and first-degree murder includes "[e]very murder perpetrated by . . . lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing." 18 U.S.C. § 1111(a). "Attempted murder occurs when a person (1) intends to kill someone and (2) 'complete[s] a substantial step towards that goal.'" *Cenephat*, 115 F.4th at 1368 (quoting *Alvarado-Linares v. United States*, 44 F.4th 1334, 1346 (11th Cir. 2022)).

Previously, we vacated a defendant's sentence because the record was unclear as to whether the district court made the proper findings to impose a cross-reference to the § 2A2.1(a)(1) guideline.

---

[1] In *Dupree*, this court sitting en banc held that courts "may not defer" to the commentary to the Sentencing Guidelines "if uncertainty does not exist" in the Guidelines itself. *United States v. Dupree*, 57 F.4th 1269, 1275 (11th Cir. 2023) (en banc). But we have relied on the commentary where "[n]o party contest[ed] the commentary's validity . . . or the propriety of its interpretation of [the guideline's] text." *United States v. Jews*, 74 F.4th 1325, 1327 n.2, 1328 (11th Cir. 2023). Here, neither party contests the commentary's validity.

*United States v. Mock*, 523 F.3d 1299, 1304 (11th Cir. 2008). The defendant was charged with arson but was sentenced under § 2A2.1(a)(1) by the cross-reference provision in the arson guideline. *Id.* at 1303. The applicable arson guideline stated that the cross-reference applied when "the offense was intended to cause death or serious bodily injury." *Id.* But the court did not explicitly find that the defendant "intended to cause death or serious bodily injury," instead applying the § 2A2.1(a)(1) guideline after concluding only that the government had shown by a preponderance of the evidence that guideline § 2A2.1(a)(1) was more appropriate. *Id.* at 1304. We concluded that the district court's failure to make explicit requisite threshold findings of fact and law precluded "meaningful appellate review," and remanded for further proceedings. *Id.*

Shields argues that the district court had to make a finding of specific intent to kill, and that the district court's determination about premeditation did not sufficiently meet the requirement. While the district court did not use the exact language "Shields had a specific intent to kill," we find that the district court's language is sufficient for "meaningful appellate review" and supports a finding that Shields had a specific intent to kill the victim. *Id.* The district court explained that "[p]remeditated intent is to kill in cold blood after the accused has had time to think over the matter and form the intent to kill." This finding is sufficient to show that the court considered Shields' intent to kill. Further, the evidence clearly supports those findings. At the sentencing hearing, an investigating agent talked about how Shields waited for the victim, which was evidenced by his ankle monitor placing him near the apartment

complex before the shooting started.  And the agent discussed the videotape of Shields shooting at the victim at least four times before repositing himself so that he could get a better shot and then shooting at the victim at least four more times.  The court recognized that this guideline application was fact intensive and specifically went through what evidence was presented at sentencing to come to its finding.

Thus, the district court did not clearly err in its application of the attempted first-degree murder cross-reference at § 2A2.1(a) because it properly considered whether Shields had specific intent to kill when making its finding that his actions were premeditated, and the government's evidence at his sentencing hearing otherwise showed his specific intent to kill.

**AFFIRMED.**